737 F.2d 1538
 39 Fed.R.Serv.2d 983, 10 Media L. Rep. 2256
 Cyrus HASHEMI, Plaintiff-Appellant,
v.
CAMPAIGNER PUBLICATIONS, INC., d/b/a The Executive
Intelligence Review, New Solidarity and New
Solidarity International Press Service,
Inc., et al., Defendants-Appellees.
 No. 83-8584
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 1, 1984.
 
 O. Jackson Cook, Matthew S. Cornick, Atlanta, Ga., for plaintiff-appellant.
 A. David Davis, Boston, Mass., A.L. Mullins, Atlanta, Ga., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before HILL, JOHNSON and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from an order of dismissal entered by the district court pursuant to Fed.R.Civ.P. 37(d).[1] In its order, the district court cited repeated failures of the appellant to appear and give deposition testimony. In doing so, appellant defied proper notices, confirmed agreements and court orders.
 
 
 2
 While we agree that the sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do, see Marshall v. Segona, 621 F.2d 763, 766-67 (5th Cir.1980), the district court retains the discretion to dismiss a complaint where the party's conduct amounts to "flagrant disregard and willful disobedience" of the court's discovery orders. See Phillips Insurance Company of North America, 633 F.2d 1165, 1167 (5th Cir.1981).
 
 
 3
 Although appellant argues that the district court should have conducted a hearing prior to dismissing the complaint, we note that the district court conducted an earlier hearing. At that time, appellant represented to the court that he would appear for a scheduled deposition. He did not appear, nor did he adequately explain his reasons for absenting himself from later scheduled depositions. Under these circumstances, we conclude that the court did not abuse its discretion in dismissing the complaint without conducting a hearing and AFFIRM on the basis of the district court order, see 572 F.Supp. 331.
 
 
 
 [1]
 The district court entered judgment against appellant on the dismissal order. In Czeremcha v. International Association of Machinists & Aerospace Workers, 724 F.2d 1552, 1554-55 (11th Cir.1984), this court held that the dismissal of a complaint "does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action." (footnote omitted). We do not read Czermecha to control a case in which the district court has entered judgment on the dismissal order