813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore E. POWELL, Appellant,
v.
FRANKLIN COUNTY SCHOOL BOARD, Appellee.
 No. 84-2132.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 2, 1986.
Decided Aug. 21, 1986.
 
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Charles R. Allen, Jr., Easter P. Moses, on brief, for appellant.
 Michaux Raine, III, on brief, for appellee.
 PER CURIAM:
 
 
 1
 The issue before us is whether the district court abused its discretion when it dismissed Theodore Powell's complaint for failure to comply with discovery. While we recognize that the sanction of dismissal is a harsh remedy, see Marshall v. Segona, 621 F.2d 763, 766-67 (5th Cir.1980), under the facts of this case we conclude that there was no abuse of discretion, and we affirm the decision below.
 
 
 2
 Powell has had counsel since the inception of this action. He requested that his oral deposition, originally set for June 5, 1984, be rescheduled. He was not in contact with his lawyer again until after June 27, 1984, the date to which the deposition had been moved. Following a hearing, the district court denied a motion to dismiss for failure to comply with discovery. The court instructed Powell's counsel to stress to Powell that he was obligated to remain in contact with his lawyer. Should "any further complications develop because of [Powell's] failure to keep in touch with his counsel," the court warned, the case would be dismissed. Powell was informed accordingly.
 
 
 3
 A new date was set for the deposition, and proper notice again was given. Fed.R.Civ.P. 30(b). Powell failed to appear for his deposition on July 17, 1984. The district court held a hearing on a renewed motion to dismiss for failure to comply with discovery. The motion was granted.
 
 
 4
 We, like the district court, are not persuaded by Powell's having left a message with his attorney's adult brother that Powell would not be at the July 17 proceeding because of job interviews in Texas. The brother failed to relay this message of July 10, 1984. Powell was on notice that he should be in touch with his attorney, that only extreme circumstances would excuse his absence at the deposition, and that failure to appear would result in dismissal. His non-appearance at the two depositions, we believe, evidences a cavalier and irresponsible attitude toward this lawsuit. This flagrant disregard of the court's warning justified the harsh sanction of dismissal. See Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir.1984).
 
 
 5
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 6
 AFFIRMED.