Wilfredo NAVARRO,
Plaintiff–Appellant,

v.

Rina COHAN, individually and as an
Assistant State Attorney, et al.,
Defendants–Appellees.

No. 87–5981
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 28, 1988.

Alex E. Ferrer, Stroock, Stroock & Lavan, Betsy E. Gallagher, Kubicki, Bradley, Draper, Gallagher & McGrance, P.A., Miami, Fla., for defendants-appellees.

Before TJOFLAT, VANCE and
CLARK, Circuit Judges.

PER CURIAM:

Appellant is the president of United Cubans, an anti-Castro organization in the United States. His original complaint was filed on June 30, 1983 against Tony Pineda of the Florida Department of Law Enforcement and fourteen other defendants. Appellant sought damages for alleged violations of his constitutional rights during his arrest and detainment at the Miami International Airport on January 28, 1982. The defendants filed various motions to dismiss, to strike and for more definite statement. Appellant did not respond. Instead appellant filed a motion for leave to file an amended complaint. The process then repeated itself: the defendants filed more motions to dismiss and strike, and appellant failed to respond.

On December 13, 1984 the district court granted appellant's motion to file an amended complaint, and appellant adopted the amended complaint he had filed previously. After still more motions to dismiss and strike, the district court ordered appellant to respond within ten days. In response, appellant filed a second amended complaint, which promptly generated more motions to strike. On July 9, 1985 the district court granted the defendants' motions to strike the latest complaint. The court began to consider dismissal for lack of prosecution and ordered appellant to show cause why the case should not be dismissed.

After appellant responded, the district court found that there was no excuse for appellant's failure to respond to the defend-

ants' motions. Rather than dismissing the case, however, the district court fined appellant's counsel $2500 and ordered appellant to find new counsel within forty-five days.

After a hearing, the district court on March 26, 1986 issued an order stating that appellant would be personally accountable and responsible for the progress of the case. Appellant and his new attorney then filed responses to the defendants' outstanding motions.

As discovery began, the defendants began to leave the case. Most of the defendants were voluntarily dismissed. Eventually, only appellee remained. Counsel for appellee arranged a deposition of appellant on June 23, 1987, but appellant did not appear. Appellee then moved for sanctions. Appellant responded by contending that his failure to appear was excusable neglect.

The district court disagreed and found that appellant had violated the court's order that he be personally responsible and accountable for the prosecution of his case. That finding is not clearly erroneous. Although the district court noted dismissal was a last resort, it was time for the last resort. On September 18, 1987, the district court dismissed the complaint pursuant to Fed.R.Civ.Pro. 37. 117 F.R.D. 175.

We reverse Rule 37 sanctions only for abuse of discretion. *Adolph Coors Co. v. Movement Against Racism And The Klan*, 777 F.2d 1538, 1542 (11th Cir.1985). The sanction of dismissal is an extreme remedy and should not be imposed if lesser sanctions will suffice. *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538, 1538–39 (11th Cir.1984).

The district court recognized this principle and restrained from ordering dismissal until after other lesser sanctions had failed. After several acts of neglect and indifference on the part of appellant, the district court issued an order instructing appellant that he would be personally responsible for the case and directly accountable to court. The district court also imposed a monetary fine. Only after these lesser sanctions proved futile did the district court "with great reluctance" dismiss the case for failure to attend the deposition.

Under the circumstances in this case we conclude that the district court did not abuse its discretion in dismissing the complaint. *See Hashemi*, 737 F.2d at 1539. The district court's dismissal is therefore

AFFIRMED.