Teresa G. SUSSMAN, f/k/a Teresa M. Gaffney, Plaintiff,

v.

SALEM, SAXON AND NIELSEN, P.A., et al., Defendants.

No. 91–776–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 12, 1994.

Anthony F. Gonzalez, Law Office of Anthony F. Gonzalez, Tampa, FL, Neil Harvey Chonin, Chonin & Sher, P.A., Coral Gables, FL, for plaintiff.

Mark A. Hanley, Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for defendants.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE comes before the Court for consideration on Defendant's Motion to Strike Plaintiff's Pleadings and Dismissal of Plaintiff's Amended Complaint (Docket No. 146). Defendants ask this Court to strike and dismiss for Plaintiff's failure to comply with the Court Order of April 14, 1993 (Docket No. 131) and pay to the Defendants the sum of $1470.00 as sanctions pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure.

### INTRODUCTION

TERESA G. SUSSMAN, plaintiff and female attorney, brought a civil rights suit alleging that constructive discharge resulting from disparate treatment violated Title VII of the Civil Rights Act of 1964 as amended, and codified as 42 U.S.C. § 2000e to 2000e–17 (1982) and the Pregnancy Discrimination Act codified as 42 U.S.C. § 2000e(k), 2000e–(2)(a) (1982). ("Complaint" Docket No. 1). Plaintiff further alleges that the conduct of the Defendants, SALEM, SAXON, and NIELSEN, P.A., was done with malice or with reckless indifference to her federally protected rights. *Id.* Plaintiff also alleges that as a result of Defendants' discriminatory actions and termination, she suffered the loss of salary and fringe benefits. *Id.*

Since the filing of the Complaint, on June 21, 1991, there has been a constant stream of motions, memorandums of law, and court orders. Moreover, from the date of its inception, this case has been plagued with errors, delays, and disobedience to court rules and orders. Now, Defendants comes before this Court requesting the striking of Plaintiff's pleadings and dismissal of Plaintiff's amended complaint. (Docket No. 146).

### STATEMENT OF FACTS

*Defendants' Asserted Grounds for Dismissal*

In their motion to dismiss Plaintiff's action, filed June 4, 1993, Defendants allege three separate grounds to support their motion. (Docket No. 146). First, Defendants claim that Plaintiff has willfully failed to abide by

her previous counsel's agreement. Second, Defendants assert that Plaintiff has failed to comply with Federal Rule of Civil Procedure 37(b)(2)(C). Third, and finally, Defendants contend that Plaintiff has not abided by this Court's Order of April 14, 1993 which awarded $1470.00 as sanctions pursuant to Rule 37(a)(4), Fed.R.Civ.P. (Docket No. 131).

*Procedural History*

Defendants noted in their Motion to Strike and Dismiss the continuous necessity to file motions to compel. (Docket No. 146 at p. 1). Accordingly, the Defendants have listed the following Motions to Compel that have been filed: (1) Defendants' Motion to Compel Production of Documents, Answers to Deposition Questions, Request for Order Regarding Future Discovery, Request for Expedited Ruling and Certificate of Good Faith (Docket No. 24); (2) Defendants' Motion to Compel Compliance with Court Order, Sanctions for Failure to Comply with Court Order, and Certificate of Good Faith (Docket No. 72); (3) Defendants' Motion to Compel Answers to Deposition Questions from Non–Party, and Certificate of Good Faith (Docket No. 81); (4) Defendants' Motion to Compel Psychological Examination, Expedited Ruling on the Motion, and Certificate of Good Faith (Docket No. 83). (Docket No. 146 at p. 5–6 ft. n. 2).[1]

On June 26, 1992, Magistrate Judge Elizabeth A. Jenkins issued an Order granting in part, and denying in part Defendants' Motion to Compel Production of Documents, Answers to Deposition Questions, Request for Order Regarding Future Discovery, Request for Expedited Ruling and Certificate of Good Faith. (Docket No. 24 and 50). Plaintiff was ordered to provide to the Defendants portions of Plaintiff's notes which were used to refresh her recollection during depositions. (Docket No. 50). Additionally, Plaintiff was asked to turn over to the Defendants her state and federal tax returns with her husband's information redacted. *Id.* Plaintiff was requested to give the street address and name of her babysitter. *Id.* Lastly, Defendants' request for sanctions was denied. *Id.*

Magistrate Judge Charles R. Wilson, on October 19, 1992 issued an Order granting Defendants' Motion for Sanctions for Failure to Comply with Court Order and Certificate of Good Faith awarding Defendants their reasonable attorney fees incurred in connection with the filing of the motion to compel. (Docket No. 72 and 78). However, it was noted by the Court that the Defendants' Motion was at least partially moot, in light of Plaintiff's response that the discovery requested was furnished. (Docket No. 78). In this instance, Plaintiff did not object to the amount of attorney fees claimed by the Defendants. (Docket No. 146 at p. 5 ft. n. 2). By agreement of both counsels, Plaintiff would not have to pay the attorney's fees until the conclusion of the trial. *Id.*

On January 29, 1993, Magistrate Judge Jenkins' Order denied Defendants' request for sanctions. (Docket No. 112). In addressing Defendants' Motion to Compel Answers to Deposition Questions from Nonparty (Docket No. 81), the Court noted that Plaintiff's opposition to the motion to compel was substantially justified and denied the request for expenses. (Docket No. 112 at p. 2–3). Additionally, Magistrate Judge Jenkins granted Defendants' Motion to Compel Answers to Defendants' Fourth Set of Interrogatories to Plaintiff, Motion to Compel Production of Documents Pursuant to Defendants' Fourth Request to Produce (Docket No. 97) in light of Plaintiff's failure to file a memorandum in opposition under Local Rule 3.01(b), M.D.Fla. (Docket No. 112 at p. 9). Under Federal Rule of Civil Procedure 37(a)(4), the Court granted reasonable expenses to the Defendants. *Id.*

Additionally, this Court entered Rule 11 sanctions against the Plaintiff (Docket No. 131) and denied Plaintiff's Motion for Rehearing or Order on Defendants' Motion to Award Sanctions (Docket No. 137). In December 1993, after a battle of attorney affidavits, this Court awarded Defendants

---

1. Defendants' Motion and Memorandum of Law to Strike Plaintiff's Pleadings and Dismissal of Plaintiff's Amended Complaint noted that five (5) Motions to Compel have been filed by the Defendants. However, this Court reminds the Defendants that their Motion to Compel and Certificate of Good Faith regarding the first set of interrogatories, the first request to produce, and expert interrogatories was withdrawn after filing. (Docket No. 41).

$1,289.00 in conjunction with the Rule 11 sanctions.[2]

Turning to Defendants' Motion to Compel Psychological Examination (Docket No. 83), which is the basis for the present motion, Magistrate Judge Jenkins awarded Defendants their reasonable expenses and sanctions under Federal Rules of Civil Procedure 37(a)(4) when Plaintiff reneged on her previous agreement to permit an Independent Medical Examination (hereafter IME). (Docket No. 112 at p. 3). In January 1992, the Defendants were coordinating an IME with Plaintiff's second attorney, Neil Chonin.[3] Defendants' letter to Mr. Chonin, dated January 29, 1992, states:

> Also based upon our telephone conversation, it is my understanding that you will voluntarily submit your client to an independent medical examination (IME) and that there is no need for our office to file a motion requesting this examination in the federal action.

In a follow-up letter on February 5, 1992, Defendants wrote Mr. Chonin the following:

> It is our understanding that you have no objections to our contacting Dr. Afield to obtain his records prior to the date of his deposition and, further, that we have the right to obtain an expert and an IME of the Plaintiff after the discovery cut-off date of April 1, 1992.
>
> If the foregoing is consistent with your understanding, please sign the enclosed copy of this letter and return it to me.

As noted by the Defendants, Mr. Chonin agreed to this stipulation on February 8, 1992. (Docket No. 146 at p. 2). Mr. Chonin conditioned his agreement by stating that he wanted to be present during the IME examination. Defendants never objected to this condition. *Id.*

On October 16, 1992, Defendants wrote to Plaintiff's third attorney, Anthony F. Gonzalez, and notified him of the prior agreement entered into with Mr. Chonin. Mr. Gonzalez was informed of the following:

> Please be advised that I have obtained two dates (November 30, 1992, 1:00 p.m. to 5:00 p.m. or December 17, 1992, 1:00 p.m. to 5:00 p.m.) from Dr. Susan Filskov and would like to schedule Mrs. Sussman's IME for one of those dates. Please contact me as soon as possible to schedule this IME. Thank you.

A follow-up letter to Mr. Gonzalez, dated November 6, 1992, stated:

> Because of no response to my secretary's telephone calls of October 26, October 27 and October 28, and my calls to Howard Shifke yesterday regarding the scheduling of Teresa Sussman's IME and because of no response to my previous inquiries to you regarding the scheduling, I have set your client for the IME on December 4, 1992, at 1:00 p.m. in Dr. Susan B. Filskov's office, 3333 West Kennedy Boulevard, Suite 205, (876–7191). Since we have not heard from you on the prospective dates (which have now been closed due to the doctor's scheduling), we were left with this date and we expect your client to attend this IME.

In response, approximately a year after the initial correspondence, Mr. Gonzalez stated that the Plaintiff "refuses to participate in the IME as scheduled" and "Ms. Sussman has expressed to me that she will not voluntarily submit herself for an IME" from the selected doctor. (Docket No. 146, Exhibit 5). Based upon the above stated facts, this court granted Defendants' Motion compelling the IME and deferred ruling on Defendants' request for sanctions. (Docket No. 95). On January 29, 1993, the court granted Defendants' request for sanctions regarding the

---

2. Initially, Defendants' affidavit of attorney's fees and costs (Docket No. 135 and 136) totalled expenses at $16,199.79 and was protested by Plaintiff. (Docket No. 140). Based upon this Court's Order of January 25, 1994 and Defendants' thoughtful reflection, supplemental affidavits expenses and fees were amazingly reduced to $1,289.00 and ordered to be paid by the Plaintiff. (Docket No. 174).

3. On October 30, 1991, through an Endorsed Order, the Court granted the Motion for Substitution of Counsel. Mark F. Kelly, Esquire, was terminated and Neil Chonin, Esquire, was added. Eventually, Neil Chonin, Esquire, was terminated and counsel to date is Anthony F. Gonzalez. See Docket No. 61 dated August 7, 1992.

IME (Docket No. 112) and an affidavit for attorney's fees was submitted on February 8, 1993 (Docket No. 117). Mr. Gonzalez, on February 18, 1993, responded and noted that he did not object to the fees as outlined. (Docket No. 122). Plaintiff failed to pay the sanctions within the specified time period and this court then ordered, based upon Defendants' Motion to Set Specific Date for Payment (Docket No. 127), that within thirty (30) days the Plaintiff was to pay $1,470.00 as sanctions. (Docket No. 132). Plaintiff has still not paid Defendants' for the court ordered sanctions regarding her Independent Medical Examination. In light of this extensive procedural history, this Court considers Defendants' Motion to Strike Plaintiff's Pleadings and Dismissal of Plaintiff's Amended Complaint (Docket No. 146) and Plaintiff's Response in Opposition (Docket No. 148).

### ANALYSIS

### I. Federal Rules of Civil Procedure 37(b)(2)(C)

■ Under Federal Rules of Civil Procedure 37(b)(2)(C), courts are given the power to render a judgment by default against a disobedient party who fails to obey an order to provide or permit discovery. Accordingly, courts are given broad discretion in fashioning appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir.1993). Judicial discretion, as usual, guides the interpretation of the rule. Dismissal and default judgment are the most "awesome" weapons in the Rule 37 arsenal. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir.1985). The Supreme Court has held that the primary purpose of Rule 37 sanctions is to deter future abuse of discovery. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

■ Under *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958), a court's discretion to use the default judgment requires a willful act, bad faith, or fault in failing to obey a discovery order. As a result of a party's actions, there must be prejudice to the opposition. See *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440 (11th Cir.1985); *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 131 (S.D.Fla.1987).

■ "Fault" has been defined, in relation to the default sanction, as instances where counsel has "disregarded" its professional responsibilities in the discovery process or to the court. See *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir.1982). "Fault" also occurs where counsel's behavior rises to a level of "gross negligence." See *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979). Default is appropriate when counsel clearly should have understood his duty to the court. *Id.* at 1068.

■ Violation of a discovery order which is explained by a party's simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. *In re Chase and Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir.1989); *Equal Employment Opportunity Commission v. Troy State University*, 693 F.2d 1353, 1354 (11th Cir.1982), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3538, 77 L.Ed.2d 1388 (1983).

■ The severe sanction of dismissal or default judgment is to be used only as a last resort and when less drastic sanctions would not be able to ensure a party's compliance with the court's order. See *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir.1988). However, litigants who are "willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents … and in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *G–K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir.1978). Aptly stated, "when parties or lawyers substitute their own judgments for those of judges, we have not justice but chaos." *Adolph Coors Co.* 777 F.2d 1538, 1543 (11th Cir.1985).

■ Default is a draconian measure that should be used only in exceptional cases. Even if this Court finds the Plaintiff's actions as willful, it will not automatically find a default sanction as necessary. This Court will not be so quick to forfeit a party's right to a full and fair trial on the merits of its case. With great difficulty, the Court must fashion an appropriate sanction that fits the particular offense, while keeping the deterrence and punishment goals of Rule 37 in mind. All of this must be done within the court's proper consideration of the demonstrable prejudice incurred by the movant. Thus a sliding scale analysis is in order. All the while, the system of justice must be vindicated and likeminded parties must be deterred. See *BankAtlantic v. Blyth Eastman Paine Webber, Inc.*, 127 F.R.D. 224 (S.D.Fla.1989).

■ In this specific case, the Plaintiff has exhibited bad faith and a callous disregard of her responsibilities owed to this Court and to her opponents. Plaintiff has failed to pay her court ordered sanctions that have been outstanding for over a year since the original order of January 29, 1993. (Docket No. 112). Plaintiff's conduct is considered more egregious due to the fact that Plaintiff is an attorney. *Jones v. Smith*, 99 F.R.D. 4, 8 (M.D.Penn.1983). While Plaintiff has intentionally and consciously disregarded her responsibility to the discovery process, her behavior has not risen to the level of gross negligence. *Harris v. Cuyler*, 664 F.2d 388, 391 (3d Cir.1981).

At no time did the Plaintiff indicate an inability to pay the sanction or a misunderstanding of the Court's original order or the subsequent order to compel. Defendants do not make an argument of prejudice. However, the Court recognizes that they have wasted a great deal of time in their fruitless effort to move this particular issue along. Much to this Court's dismay, Plaintiff has not been duly warned of a possible default or dismissal until now.

There is a pattern of dilatory conduct on the part of the Plaintiff. As noted in the procedural history, the Court has resolved four (4) Defendants' Motions to Compel and one (1) Rule 11 sanction. It is also noted by this Court that other less drastic sanctions, outside of immediate default or dismissal, would probably ensure the Plaintiff's compliance with regard to payment. Plaintiff's actions have also placed an increased burden upon this Court. This issue, alone, has consumed hours of Magistrate Judge's time, as well as hours of District Judge's time.

## II. Federal Rules of Civil Procedure 41(b)

■ Dismissal of an action for failure to comply with a court-ordered sanction is permitted under Fed.R.Civ.P. 41(b). Rule 41(b) is the general provision on dismissals for failure to prosecute, while Rule 37(b)(2)(C) governs sanctions for disobeying discovery orders. *Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir.1993). The criterion for sanctions under Rules 41(b) and 37(b)(2)(C) are the same. See *Callip v. Harris County Child Welfare Depart.*, 757 F.2d 1513, 1518–1519 (5th Cir.1985) (per curiam); *Velazquez–Rivera v. Sea–Land Service, Inc.*, 920 F.2d 1072, 1075 (1st Cir.1990); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986) (per curiam).

■ Dismissal is considered an extraordinary remedy. Rule 41(b) stands for the general proposition that dismissal will be with prejudice. However, when a litigant has failed to obey a direct order of the court dismissal is appropriate. *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978). For example, a dismissal for failure to pay costs is justified where the court makes it clear that payment is a condition for avoiding dismissal. *Stern v. Inter–Mountain Telephone Co.*, 226 F.2d 409 (6th Cir.1955).

■ Because the penalty is so drastic, a case will be dismissed under Rule 41(b) with prejudice only where there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533 (11th Cir.1985), quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983); see also *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518,

1520 (11th Cir.1986) (dismissal justified only by "clear record of delay or contumacious conduct," quoting *Martin–Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir.1980)). Dismissal is generally not an abuse of discretion when the litigant has been forewarned. See *State Exchange Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1169 n. 8 (5th Cir.1980). However, absent a clear record of delay, the court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings. See e.g., *Graves v. Kaiser Aluminum & Chemical Co.,* 528 F.2d 1360 (5th Cir.1976); *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366 (5th Cir.1967).[4]

In this Court's opinion, it is unfortunate that Plaintiff has not received any prior notice that dismissal with prejudice under Rule 41(b) was a possibility until now. Had proper notice been indicated, a dismissal would surely be in order. It is truly an understatement for the Court to note that Plaintiff has been dragging her heels in this proceeding. At every turn, the Court has been required to poke, prod, nudge, and shake its judicial head in disgust at the pretrial tactics used by the Defendants, but mainly initiated by the Plaintiff.

If a plaintiff has incurred sanctions for misconduct, a more stringent standard for allowing the plaintiff to proceed with the case is appropriate because of the access given to the court system and the subsequent abuse of that privilege. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989). Absolutely no one should be permitted to misuse the courts with impunity. See *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987) (discussing prisoner IFP litigation).

Here, the Plaintiff made no attempt to pay her court ordered sanction. Moreover, Plaintiff did not make an attempt to clearly stipulate the conditions of payment of the sanction under Local Rule 4.15 of the United States District Court for the Middle District of Florida which provides:

> No stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted.

Such a stipulation would be required in this particular instance where the Plaintiff understood "that the defense was agreeing to postponing this payment until the conclusion of the case ..." (Docket No. 148 at p. 1). A stipulation should have been entered. Now comes the Plaintiff refusing to acknowledge the authority of this Court and indicates no willingness to comply with the Court's long standing order to pay the required sanctions.

This Court finds the Plaintiff's behavior to be unreasonable. Plaintiff, after being ordered to make payment, neither attempted to demonstrate to the court that she was unable to pay the sanction nor asserted any other excuse for noncompliance with a lawful order of this Court. Plaintiff did not come before this Court offering to pay in part or over time. In short, Plaintiff made no attempt to comply with the sanction order. Instead, Plaintiff unwisely chose to ignore this Court's order and now shows contempt for the bench. This Court is uncomfortable with the proposition that the Plaintiff has refused to acknowledge the authority of the judge and has indicated no willingness to comply with the court's order. Marcus Aurelius Antoninus once stated that "to be patient is a branch of justice, ..." Indeed this Court has been patient.

## CONCLUSION

Entering a default judgment under Fed. R.Civ.P. 37(b)(2)(C) or a dismissal under Rule 41(b) would be considered draconian when considering Plaintiff is before this

---

4. Dependent upon the circumstances of the case at bar, lesser sanctions might include conditional orders of dismissal, disciplinary action directed against the attorney in error, a reprimand by the court, a fine, a finding of contempt, or a prohibition against practicing before the court for a specified period of time. See *Woodham v. American Cystoscope Co. of Pelham, N.Y.,* 335 F.2d 551, 557 (5th Cir.1964).

Court for the nonpayment of sanctions associated with discovery as opposed to preventing or delaying discovery. Such a severe punishment would prejudice the Plaintiff, who may have a legitimate claim. Needless to say, the Court is appalled and disgusted with the discovery abuses that have occurred throughout the course of this litigation and will impose a variety of sanctions. Accordingly, it is

**ORDERED,** that:

1. Plaintiff satisfy, within twenty (20) days, the $1,470.00 owed as part of a previous sanction, plus interest, entered in favor of Defendants pursuant to this Court's Order of April 14, 1993 (Docket No. 132) or suffer dismissal of the complaint with prejudice.

2. Pursuant to the Court's inherent powers, the Court orders the Plaintiff to pay the Clerk of Court $750.00, as a fine, within twenty (20) days.

3. Plaintiff must comply in good faith with the Federal Rules of Civil Procedure, the Local Rules of Court, and orders of this Court in the future or suffer dismissal of the complaint with prejudice.

4. Defendants' Motion to Strike Plaintiff's Pleadings and Dismissal of Plaintiff's Amended Complaint be denied.

**DONE and ORDERED.**