[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2010
JOHN LEY
CLERK

No. 09-14490
Non-Argument Calendar

_____

D. C. Docket No. 08-02566-CV-ECS-1

TONY L. KELLY,

Plaintiff-Appellant,

versus

OLD DOMINION FREIGHT LINE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 27, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tony L. Kelly, an African-American male proceeding *pro se*, appeals the magistrate judge's grant of defendant Old Dominion Freight Line, Inc.'s ("Old Dominion") motion to dismiss his complaint alleging racial discrimination and retaliation, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), as well as its orders imposing attorneys' fees and costs and denying his motion for reconsideration.[1] On appeal, Kelly argues that the magistrate denied him due process and abused his discretion in dismissing his complaint pursuant to Fed.R.Civ.P. 37(d) and 41, ordering him to pay attorneys' fees and costs, and denying his motion for reconsideration. For the reasons set forth below, we affirm.

## I.

Kelly brought suit against his employer, Old Dominion, asserting that Old Dominion terminated his employment because of his race and as retaliation. He also asserted claims of invasion of privacy, harassment, hostile work environment, defamation, emotional distress, "possible violation[s] of [Georgia] public policy," and "possible hate crimes."

Kelly alleged that his home telephone number was changed in Old Dominion's computer database, causing him to miss work assignments. Various

---

[1]Kelly and Old Dominion agreed to allow a magistrate judge to conduct all proceedings in the case, including the entry of a final judgment.

supervisors attempted to correct the phone number, but the changes were not permanent. Eventually, Dean Scruggs, the Line Haul Manager, corrected the problem, and Kelly had no further problems receiving calls for work. Kelly requested an investigation into how his phone number was changed in the first place. Kelly was informed that the phone number was changed because of a computer glitch, but he continued to attempt to contact Old Dominion's CEO about the problem. Old Dominion subsequently terminated Kelly. Kelly stated that he believed that Scruggs illegally changed his phone number in Old Dominion's database because Scruggs did not like that Kelly was in an interracial relationship with a white woman.

Old Dominion responded that Kelly's complaint failed to state a claim upon which relief could be granted, and it contended that it acted in good faith and based on legitimate, non-discriminatory considerations.

The magistrate issued a notice of "Guidelines for Discovery and Motion Practice," which stated that *pro se* litigants must observe the Federal Rules of Civil Procedure, as well as the "District Court's Local Rules and Instructions Regarding Pretrial Proceedings." The notice also stated in bold print that, pursuant to Fed.R.Civ.P. 26(c) and 37, and N.D. Ga. Local Rule 37.1A, "[c]ounsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before

3

bringing a discovery dispute to the court."

On October 31, 2008, Old Dominion separately filed its preliminary report and discovery plan, and certificate of interested persons, noting that it had attempted to confer with Kelly so that the documents could be filed jointly. In a letter to Kelly, Brennan Bolt, Old Dominion's counsel, noted that he had attempted to contact Kelly to schedule a Rule 26(f) conference, but that Kelly's wife had informed him that Kelly would not be proceeding with the case until he received a "recommendation" from the judge. Kelly subsequently filed his certificate of interested persons, preliminary report, and discovery plan after the magistrate judge ordered him to do so.

On January 28, 2009, Kelly filed a motion to compel discovery, asserting that Old Dominion had not responded to his January 5, 2009, discovery requests.

Old Dominion responded that Kelly's motion to compel was premature because, pursuant to the Federal and Local Rules of Civil Procedure, it had 33 days in which to respond to Kelly's discovery requests. It also asserted that Kelly's motion did not comply with Fed.R.Civ.P. 37(a)(1) and Local Rule 37.1(A) because Kelly had not filed a certificate of service with the court, had not conferred in good faith with Bolt prior to filing the motion to compel, and had not certified that he attempted, in good faith, to confer with Bolt. A January 22, 2009, letter addressed

4

to Kelly stated that Old Dominion had received Kelly's discovery requests and would respond by February 9, 2009, the deadline provided by the Federal and Local Rules.

On February 11, 2009, Kelly filed a second motion to compel discovery, asserting that Old Dominion had refused to answer his discovery requests.

Old Dominion responded that, on February 9, 2009, it served its objections and responses to Kelly's discovery requests via U.S. Mail. A certificate of service filed with the court verified this. Old Dominion noted that Kelly again had made no effort to confer with Bolt regarding discovery and had failed to certify that he made such an effort. Old Dominion asked the court to deny Kelly's motion to compel and award costs and attorneys' fees incurred in opposing Kelly's motion to compel.

On March 27, 2009, Old Dominion filed a motion to dismiss, or, in the alternative, to compel production of documents and impose sanctions. It explained that, in addition to Kelly's previous discovery violations, Kelly had failed to respond to its request for production of documents, which it served on Kelly on January 29, 2009, by the March 3, 2009, deadline. Old Dominion stated that Bolt left voice mails for Kelly on March 9, 10, and 12, 2009, but that Kelly never responded. On March 13, 2009, Bolt sent Kelly a letter noting the March 3

discovery deadline and informing Kelly of the March 9, 10, and 12 voice mails. The letter, which was delivered to Kelly on March 16, 2009, asked Kelly to contact Bolt by March 18, 2009. Old Dominion noted that, on March 20, it requested a conference with the court to resolve the discovery dispute. On March 24, 2009, the court advised Old Dominion that Kelly "refused to participate in a telephone conference because of a 'conflict of interest.'"

The magistrate denied Kelly's motions to compel because Kelly failed to certify that he attempted to confer with Old Dominion to obtain the requested discovery and failed to engage in any good faith effort to resolve the dispute before filing his motion. The magistrate further found that both of Kelly's motions to compel lacked merit because the first motion was filed before Old Dominion's deadline to respond and the second motion was signed one day after Old Dominion had served its objections and responses to Kelly's discovery requests. Pursuant to Fed.R.Civ.P. 37(a)(5)(B), the magistrate awarded Old Dominion reasonable expenses, including attorneys' fees, for the expenses incurred in opposing Kelly's meritless motions to compel. Although the magistrate found that Kelly willfully failed to participate in discovery and comply with the court's rules, it determined that "dismissal is not yet an appropriate sanction." It ordered Kelly to respond to Old Dominion's first request for production of documents and warned that "the

6

failure to comply with this order or any other failure to comply with his discovery obligations as delineated in the Federal Rules of Civil Procedure will subject [Kelly] to additional sanctions, including the dismissal of this case."

Kelly filed certificates of service stating that, on May 26 and 30, 2009, and June 3, 2009, he served, via U.S. Mail, responses to Old Dominion's first request for production of documents.

Old Dominion sought to depose Kelly, and, on June 23, 2009, Kelly filed a motion in opposition to Old Dominion's notice of deposition, asserting that Old Dominion had scheduled his deposition simply to harass him and had not demonstrated a need for the deposition. He asked the court to enter an order protecting him from the deposition.

On June 30, 2009, Old Dominion filed a motion to dismiss and to impose sanctions, or, in the alternative, to compel production of documents. It explained that, on June 3, 2009, Bolt wrote to Kelly requesting that Kelly contact him regarding his availability for the deposition. Kelly never responded, and, on June 12, 2009, Old Dominion unilaterally noticed Kelly's deposition for June 25, 2009, at 10:00 a.m. Bolt faxed and mailed the notice to Kelly. Upon receiving Kelly's motion for a protective order, Bolt faxed Kelly a letter stating that Kelly was required to appear at his deposition unless the court granted his

request for a protective order. On June 25, 2009, Bolt and a representative of Old Dominion appeared for Kelly's deposition. Kelly did not appear, did not respond to a voice mail, and did not attempt to contact Bolt. Old Dominion asked the court to dismiss Kelly's complaint with prejudice and award reasonable attorneys' fees and expenses.

Kelly filed a motion for summary judgment, but did not respond to Old Dominion's motion to dismiss.

The magistrate granted Old Dominion's motion to dismiss, noting that the motion was unopposed. It found that dismissal was warranted based on Kelly's willful violations, namely, his (1) refusal to participate in a Rule 26(f) conference until instructed to do so at a November 24, 2008, scheduling conference; (2) filing of his first motion to compel before the deadline for submitting discovery responses and without making any effort to confer with Old Dominion; (3) filing of a second motion to compel without attempting to confer with Old Dominion; (4) failure to respond to Old Dominion's first request for discovery; (5) failure to return Bolt's phone calls regarding his responses to Old Dominion's written discovery; (6) failure to respond to Bolt's March 13 letter regarding Kelly's failure to serve discovery responses; (7) refusal to participate in a telephone conference with the court to resolve discovery disputes; (8) filing of a frivolous motion for a

8

protective order to avoid being deposed; (9) failure to confer with Old Dominion before filing the motion for the protective order; and (10) failure to appear for his deposition. It dismissed Kelly's complaint after finding that lesser sanctions were inadequate, based on Kelly's "clear violations of the Federal Rules in the wake of th[e] court's prior application of lesser sanctions and explicit warning that further violations could result in dismissal." The magistrate also awarded Old Dominion reasonable expenses and attorneys' fees, pursuant to Fed.R.Civ.P. 37(a)(3), noting that Kelly had not responded to Old Dominion's motion for sanctions and there was no evidence of mitigating circumstances that would make an award of expenses unjust.

Kelly filed multiple copies of a "motion letter of appeal," in which he asked the court to reconsider its dismissal of his case, hold an "in-person conference," and allow him to submit a response to Old Dominion's motion to dismiss. He contended that the court was biased in favor of Old Dominion and did not consider any of the facts he submitted during discovery. Kelly asserted that he had proceeded with discovery in good faith and fully cooperated with Old Dominion and the court.

The magistrate construed Kelly's "motion letter of appeal" as a motion for reconsideration. It denied the motion, finding that Kelly "has not offered any new

evidence, nor has he pointed to a development or change in controlling law, nor a clear error in the Court's judgment."

**II.**

### A.    *Dismissal*

We review dismissals under Fed.R.Civ.P. 37 and 41 for abuse of discretion. *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). The district court's factual findings are reviewed for clear error. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). Although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

Under Rule 37(a)(5)(B), if a motion for an order compelling discovery is denied, the district court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(B). Pursuant to Rule 37(d), a court may sanction a party who, after being served with proper notice, fails to appear for his deposition. Fed.R.Civ.P. 37(d)(1)(A)(i). Dismissal of the action is listed as an

10

appropriate sanction for the party's failure to appear for the deposition. Fed.R.Civ.P. 37 (d)(3), (b)(2)(A)(v). "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538, 1538-39 (11th Cir. 1984) (upholding dismissal pursuant to Fed.R.Civ.P. 37(d)). However, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." *Id.* at 1539 (quotation omitted); *see Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) (noting that the former Fifth Circuit "has approved dismissal as a sanction imposed under Rule 37(d), [where] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply"). The district court's inaction on a party's motion for a protective order to postpone the taking of his deposition does not relieve the party of the duty to appear for the deposition. *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979).

Under Rule 41(b), "[a] district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "Dismissal of a case

with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Id.* In reviewing a dismissal under Rule 41(b), we consider "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* (quotation omitted). Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct. *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520-21 (11th Cir. 1986). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The magistrate did not abuse his discretion in dismissing Kelly's complaint under either Rule 37(d) or 41(b). Kelly committed numerous discovery violations. First, Kelly filed a motion to compel before Old Dominion's deadline for producing its discovery documents. If Kelly had complied with the federal and local rules by consulting with Old Dominion before filing his motion to compel, he would have learned that Old Dominion was planning to produce the documents and had until February 9, 2009, to do so. Kelly should have been aware of his duty to confer because the "Guidelines for Discovery and Motion Practice," issued by the court at the beginning of proceedings, stated in bold print that, pursuant to Fed.R.Civ.P. 26(c) and 37, and Local Rule 37.1A, "[c]ounsel or *pro se* litigants are

required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the court." Furthermore, Kelly's motion to compel did not contain a certification that Kelly had attempted, in good faith, to resolve the dispute with Old Dominion. Fed.R.Civ.P. 37(a)(1) requires motions to compel to contain such a certification, and Kelly's *pro se* status does not excuse non-compliance with procedural rules. *See* Fed.R.Civ.P. 37(a)(1) (requiring that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); *McNeil*, 508 U.S. at 113, 113 S.Ct. at 1984.

Kelly's second motion to compel was also deficient and meritless because Kelly did not confer with Old Dominion to resolve the discovery dispute or include a certification in his motion, and Old Dominion had, in fact, served its discovery requests by the February 9, 2009, deadline. *See* Fed.R.Civ.P. 5(b)(2)(C) (providing that "service [by mail] is complete upon mailing").

In addition to filing two deficient and meritless motions to compel, Kelly also failed to file timely responses to Old Dominion's request for production of documents. In a March 13, 2009, letter, Bolt informed Kelly that his discovery responses were due on March 3, 2009. Although Kelly contends that he never

13

received this letter, a Federal Express receipt indicates that the letter was delivered to Kelly's residence on March 16, 2009. Kelly also contends that he did not receive Old Dominion's discovery requests until April 23, 2009, but he failed to raise this issue before the magistrate because he did not respond to Old Dominion's motion to dismiss prior to the district court's order of dismissal, which was entered almost two months after the filing of Old Dominion's motion.

In spite of Kelly's numerous discovery violations, the magistrate denied Old Dominion's first motion to dismiss, finding that dismissal was not yet warranted. The magistrate warned Kelly that he was required to comply with the Federal Rules of Civil Procedure, and that failure to do so would result in additional sanctions, "including the dismissal of this case." After receiving this warning, Kelly failed to respond to Bolt's requests to schedule his deposition and failed to report for his deposition on June 25, 2009. In a letter that Old Dominion faxed to Kelly, Old Dominion informed Kelly that he was required to attend the deposition unless the court granted Kelly's motion for a protective order before the date of the deposition, which the court did not do. Case law confirms that the filing of a motion for a protective order does not shield a party from his duty to appear for his deposition. *See Hepperle*, 590 F.2d at 613. Furthermore, Kelly never attempted to confer with Old Dominion before filing his motion in opposition to the deposition.

14

*See* Fed.R.Civ. P. 37(a)(1).

Although Kelly contends that his repeated discovery violations were not willful, his failure to cooperate with Old Dominion to resolve discovery disputes indicates that Kelly's violations were willful, and that he made no good faith attempt to learn the rules, comply with the rules, or correct his errors. Thus, the magistrate did not clearly err in determining that Kelly's failure to appear at his deposition was willful. *See Zocaras*, 465 F.3d at 483. Although dismissal is an extreme sanction, Kelly had been warned that his case could be dismissed if he continued to violate the Federal Rules of Civil Procedure. After the magistrate issued this warning, Kelly failed to appear for his deposition or confer with Old Dominion before filing his motion for a protective order. In dismissing Kelly's case, the magistrate specifically found that no sanction less than dismissal would suffice, given that Kelly continued to violate the rules after being warned. This determination is not clearly erroneous and justifies the dismissal of Kelly's complaint. *See Hashemi*, 737 F.2d at 1538-39; *Moon*, 863 F.2d at 837.

### B. Due Process

Kelly also has failed to show that the magistrate denied him due process by dismissing his complaint. At the outset of the proceedings, the magistrate issued a notice informing the parties that they were required to comply with the Federal

15

Rules of Civil Procedure. Later, the magistrate warned Kelly that his complaint could be dismissed if he continued to violate the rules, but Kelly subsequently violated the rules by failing to appear for his deposition. Furthermore, the magistrate's dismissal was not based solely on Old Dominion's allegations, but instead, was based on the record, which showed that (1) Kelly's first motion to compel was filed prior to Old Dominion's deadline for responding; (2) Kelly's second motion to compel was filed 2 days after Old Dominion served its discovery responses; (3) Kelly's motions to compel failed to comply with requirements set forth in Fed.R.Civ.P. 37(a)(1); and (4) Kelly failed to respond to Old Dominion's discovery requests within 30 days of receiving the requests. Kelly also did not dispute Old Dominion's assertion that he failed to appear for his deposition. Because Kelly was warned of the consequences of failing to comply with the rules, and because the record objectively showed that Kelly committed numerous discovery violations, Kelly's due process rights were not violated by the dismissal of his complaint.

## C. *Attorneys' Fees and Costs*

A district court's award of attorneys' fees pursuant to Fed.R.Civ.P. 37 is reviewed for abuse of discretion. *See BankAtlantic v. Blythe Eastman Pain Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). As noted previously, the

district court may sanction a party who fails to appear for his properly-noticed deposition. *See* Fed.R.Civ.P. 37(d)(1)(A)(i). In addition to, or instead of, sanctions, "the court *must* require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3) (emphasis added).

Kelly asserts on appeal that the magistrate erred in awarding Old Dominion attorneys' fees and costs. To the extent that Kelly challenges the award of attorneys' fees and costs based on the magistrate's denial of his motions to compel, Kelly's argument lacks merit. Kelly appears to challenge only the award of the fees, not the amount of the fees. The magistrate did not abuse its discretion in ordering Kelly to pay attorneys' fees and costs incurred by Old Dominion in opposing Kelly's motions to compel. As noted previously, Kelly's motions to compel were both meritless and failed to comply with the procedural rules. Moreover, prior to the magistrate's order awarding fees and costs, Kelly failed to present any mitigating circumstances that would make the award of fees unjust. Thus, this Court sustains this award of attorneys' fees and costs.

The magistrate also did not abuse its discretion in awarding Old Dominion attorneys' fees and costs based on Kelly's failure to appear for his deposition.

17

Rule 37 requires the award of attorneys' fees and costs that are incurred as a result of a party's failure to appear for his deposition, unless the failure to appear was justified or other circumstances would make the award unjust. *See* Fed.R.Civ.P. 37(d)(3). As noted above, Kelly failed to show that his absence at his deposition was justified. In addition, Kelly failed to respond to Old Dominion's motion for attorneys' fees and costs, and, therefore, failed to present any circumstances that would make an award of costs unjust. Thus, the magistrate did not abuse its discretion in awarding the fees.

### D. *Motion to Reconsider*

We review for abuse of discretion a district court's denial of a motion to reconsider. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007).

A review of the record shows that the magistrate did not abuse its discretion in denying Kelly's motion for reconsideration because Kelly failed to present any additional evidence, or otherwise show that relief from judgment was justified, and, as noted above, the magistrate properly dismissed Kelly's complaint. *See Corwin*, 475 F.3d at 1239; Fed.R.Civ.P. 60(b). Accordingly, based on our review of the record and consideration of the parties' briefs, we affirm the magistrate's dismissal of Kelly's complaint, imposition of attorneys' fees and costs, and denial of his motion to reconsider.

**AFFIRMED.**

18