Tracy A. FRENCH, Plaintiff,

v.

M&T BANK, Defendant.

CIVIL ACTION NO. 1:14–CV–2139–AT

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed March 15, 2016

Tracy A. French, Loganville, GA, pro se.

Jimmy Thomas Howell, Jr., Kimberly Anne Wright, McCalla Raymer, LLC, Roswell, GA, for Defendant.

## *ORDER*

Amy Totenberg, United States District Judge

This matter is before the Court on Defendant's Motion for Sanctions [Doc. 42]. Defendant argues that discovery has now ended, and Plaintiff, who is proceeding *pro se*, did not respond to any written discovery in this case nor did she show up for her properly-noticed deposition. (Doc. 42–1 at 4; Affidavit of Kimberly A. Wright, Esq., Doc. 43–1 ¶¶ 3–6.) Defendant called Plaintiff on January 5, 2016 to discuss this discovery dispute, left a voicemail, and has not heard back. Defendant also notes that the Court ordered Plaintiff to call Defendant's counsel on July 10, 2015 to discuss conducting a Rule 26(f) conference, but Plaintiff never made the call. (Wright Aff. ¶¶ 7–9.) Defendant seeks dismissal with prejudice to Plaintiff's only remaining claim, as well as an award of its reasonable and necessary expenses in bringing the motion for sanctions, including attorneys' fees. (Doc. 42–1 at 10.)

## I. SANCTION OF DISMISSAL

■ "[O]nce a pro se litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989). A party who fails to attend her own properly-noticed deposition and fails to obey a Court order related to discovery may be subject to sanctions. Fed.R.Civ.P. 37(b), 37(c), 37(d).

■ Rule 37(d) authorizes an array of potential sanctions as identified in Fed. R.Civ.P. 37(b)(2)(A)(i)-(vi), including "dismissing the action in whole or in part." Fed. R.Civ.P. 37(b)(2)(A)(v). Dismissal under Rule 37 "is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir.1988). In order to impose the extreme sanction of a default judgment under Federal Rule 37(b), the Court must find: (1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir.1993); *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997). The Court must exercise discretion in imposing discovery sanctions. As the Eleventh Circuit Court of Appeals discussed in *Malautea*,

This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule. For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order. *Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958). Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. *In re Chase and Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir.1989) (inability to comply); *Equal Employment Opportunity Comm'n v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir.1982) (simple negligence or misunderstanding). In addition, the Supreme Court has interpreted the Rule 37 requirement of a "just" sanction to represent "general due process restrictions on the court's discretion." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982). Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *See Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir.1988).

*Malautea*, 987 F.2d at 1542.

The Court appreciates the challenges and frustrations that are involved for all parties when an individual proceeds on a *pro se* basis in litigation. Here, Plaintiff's response to

Defendant's Motion for Sanctions, in its entirety, reads:

> I object to the fee in the amount of $4370, for Motion in sanctions. Because defendant did not submit a detailed and itemized billing statement. Also it's unreasonable an attorney who's been practicing for 8 years took 17.8 hours to write the motion for sanctions. I respectfully request that the court deny defendant's request for cause and fees.

(Doc. 50 at 2.)

■ Plaintiff has neither offered any explanation for her failure to appear for her deposition, nor has she in any way opposed Defendant's motion for the sanction of dismissal of her claim. "Since the plaintiff bears the burden of justifying [her] conduct, [she] must suffer the consequences of [her] silence." *Mills v. Anderson*, No. CV606-88, 2008 WL 80303, at *1 (S.D.Ga. Jan. 7, 2008). Given Plaintiff's complete failure to permit discovery including her refusal, in violation of a Court Order, to participate in a Rule 26(f) conference; her failure to respond to Defendant's discovery requests; her failure to appear at her properly noticed deposition; and her failure to respond to several of Defendant's inquiries about these discovery disputes, dismissal of this action is an appropriate sanction under Rule 37(d). Based on Plaintiff's failure to meaningfully participate in the litigation of her own case after the motion to dismiss phase and Plaintiff's failure to respond in any meaningful way to the evidence of discovery violations offered by Defendant, no sanction less than dismissal would suffice. *See also Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed.Appx. 909, 915 (11th Cir.2010) (holding dismissal of case warranted after repeated discovery sanctions).

## II. SANCTION OF ATTORNEY'S FEES

■ Defendant's seeks $4,370.00 in fees and costs associated with presenting the Motion for Sanctions to the Court. (Affidavit of Kimberly A. Wright, Esq. ¶ 12, Doc. 53–1.) It is true that the Court "may sanction a party who fails to appear for [her] properly-noticed deposition," *Kelly*, 376 Fed.Appx. at 915 (citing Fed.R.Civ.P. 37(d)(1)(A)(i)), and that one such sanction includes requiring "the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ.P. 37(d)(3).

As described above, nothing in the record indicates that any of Plaintiff's multiple discovery violations was justified. Without considering context, a court might well find an award of fees was appropriate in this instance. But Rule 37 requires the Court to determine if such an award would be "unjust"—which necessarily implicates context. Put another way, "Rule 37 is flexible. The court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response." 8B Wright & Miller, Federal Practice & Procedure Civil § 2284 (3d ed.).

The context of this case is this: Plaintiff bought a home for just over $112,000.00 in 2009. In mid–2014, Plaintiff "fell behind on her payments and defaulted." (Compl.¶ 15.) She did so because, according to her application to proceed *in forma pauperis*, her income was "too low to keep up with mortgage and other expenses on time and pay in full." (Doc. 1 at 5.) On June 17, 2014, Defendant sent Plaintiff a foreclosure notice. (Doc. 2–3 at 2.) Three weeks later, Plaintiff filed this lawsuit apparently to halt the foreclosure.[1]

■ "There is no rule prohibiting the imposition of monetary sanctions against an impecunious party." *Marez v. Chilton*, No. C06–05028RMWHRL, 2007 WL 2947471, at *1 (N.D.Cal. Oct. 9, 2007) (denying monetary sanction as unjust). Indeed, "[a] flat per se policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses."

---

1. The Court notes that, as of June 2015, the foreclosure sale had not occurred. (Doc. 33

¶ 17.)

*Bosworth v. Record Data of Maryland, Inc.,* 102 F.R.D. 518, 521 (D.Md.1984). However, in this case, Plaintiff has already effectively lost her home. She filed this lawsuit to save her home from foreclosure and applied to proceed *in forma pauperis.* She did eventually pay the filing fee, but the Court notes that Plaintiff's application reflects her modest financial circumstances. She does not oppose, as a sanction, the dismissal of her only surviving claim for relief.

Plaintiff has been only sporadically active in this litigation. She was active in motion practice but then essentially disappeared once discovery began. Defendant properly noticed Plaintiff's deposition, and Plaintiff failed to get in touch with Defendant through any means of communication to let Defendant know that Plaintiff did not plan to attend. Defendant then attended Plaintiff's deposition and provided a court reporter for it. Defendant began the deposition at 10:00 A.M. on November 4, 2015 and held it open until 10:47 A.M. waiting for Plaintiff to appear. Costs and fees incurred preparing for and attending the deposition amount to $3,460.00 in fees, plus $267.29 in costs charged by a court reporter. (*Id.*) But Defendant explicitly "is not seeking the fees and costs [related specifically to] the non-appearance by Plaintiff at the properly noticed deposition." (Wright Aff. ¶ 13, Doc. 53–1.) Rather, Defendant seeks instead the greater costs and fees associated with preparing and filing the motion for sanctions.

The Court finds an award of $250.00 in sanctions, i.e., roughly the fee expressed for Ms. Wright's appearance at the deposition, is proper and just under the circumstances of this case. The fee may be paid over a 4–month period. Based on the information presented in her application to proceed *in forma pauperis*—demonstrating that Plaintiff might not be able to pay any amount of sanctions—the overall context of the lawsuit, and Plaintiff's non-opposition to the dismissal of her only remaining claim, the imposition of any more significant monetary sanction against Plaintiff would be unjust.

## III. CONCLUSION

Defendant's Motion for Sanctions [Doc. 42] is **GRANTED IN PART** and **DENIED IN PART.** Dismissal of Plaintiff's claims is **GRANTED** but an award of attorney's fees is **DENIED.** The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 15th day of March, 2016.