**George B. BUCHANAN, Jr., et al.,**
**Plaintiffs-Appellees,**

v.

**Hugh E. BOWMAN, II, et al.,**
**Defendants-Appellants.**

No. 86–8578.

United States Court of Appeals,
Eleventh Circuit.

June 24, 1987.

**360**

William S. Hardman, Gainesville, Ga., for defendants-appellants.

John G. Despriet, Edward C. Brewer III, Atlanta, Ga., for plaintiffs-appellees.

Before FAY and CLARK, Circuit Judges, and ALLGOOD *, Senior District Judge.

ALLGOOD, Senior District Judge:

Appellant Tom Burke complains of the district court's imposition of sanctions in striking his answer and issuing a default judgment against him pursuant to Rule 37 of the Federal Rules of Civil Procedure. After reviewing the case and the applicable law, we have determined that the district court's opinion is correct and we affirm.

Plaintiffs sue Tom Burke for conspiracy to defraud them and others in an investment in a cattle herd at Lovana Farms. Plaintiffs' claims arose out of Mr. Burke's alleged participation in that conspiracy.

In late 1979, Mr. Buchanan and Mr. Luther invested in a cattle herd marketed by Lovana Farms of Clarkesville, Georgia. Lovanna Farms was selling breeder-quality Angus heifers for $8,300 each. Plaintiffs' claim was that Lovana Farms falsely represented that the cattle were worth their purchase price. Plaintiffs invested in 33 cows by becoming limited partners in Aberdeen Angus Breeders, Ltd., and invested in the partnership, via a recourse note, over the next three years.

In September of 1983, the IRS challenged certain deductions associated with their cattle investment, and disallowed certain deductions taken by plaintiffs, based in part on the IRS's belief that the cattle were overvalued. Plaintiffs requested that an appraiser be hired. Mr. Tom Burke, the appellant here, appraised the herd of 87 cows at $484,000.

In mid–1984 plaintiffs hired attorneys and an accountant to settle their disputes with the IRS. They paid back taxes for 1979 and 1980 as part of their settlement with IRS, and interest on those back taxes. The cattle herd was sold in a liquidation sale in November of 1984, and Lovana Farms retained the proceeds of the sale.

In conducting pre-trial discovery, plaintiffs noticed Mr. Burke for deposition for June 20, 1985. On June 18, 1985, Mr. Burke filed a motion for a protective order, and then failed to appear on June 20. On June 28, plaintiffs filed a motion to compel discovery. On July 18, 1985, Mr. Burke was served with the first interrogatories, and on July 24 with a second request to produce. On August 13, 1985, the court denied Mr. Burke's motion for a protective order, and on August 26 granted plaintiffs' motion to compel and awarded attorneys' fees and costs involved in obtaining such order. The court in this hearing issued an oral warning to Mr. Burke. On September 6, 1985, plaintiffs filed a second motion to compel a response to interrogatories and the request for production. On September 9, a written order was entered on the August 26 oral grant of the motion to compel. Mr. Burke was again noticed for deposition for October 10, 1985. He offered December 15 as an alternate date which was rejected by plaintiffs' counsel.

On October 9, Mr. Burke offered November 11 as an alternate date, but was informed that he was expected to appear October 10. He failed to appear. On October 30, plaintiffs filed a third motion to compel, and for sanctions. On November 7, plaintiffs received a letter from counsel

* Honorable Clarence W. Allgood, Senior U.S. District Judge, Northern District of Alabama, sitting by designation.

for Mr. Burke that he would be available in Atlanta on November 11 for deposition. Plaintiffs attempted to contact him on November 7 and 8, and on November 8, counsel for Mr. Burke called plaintiffs and stated that Mr. Burke would be available for two hours at the Delta Crown Room at Hartsfield International Airport at 6:00 a.m. on November 11. Later that day, counsel for Mr. Burke called and stated that the Delta Crown Room was not open at 6:00 a.m. and suggested Mr. Burke's hotel room. Counsel concurred not to go forward.

Plaintiffs moved for an order under Rule 37 of the Federal Rules of Civil Procedure striking the answer of defendant Tom Burke and for entry of default judgment. After a hearing on November 26, 1985, the district court granted the motion.

Rule 37(d) of the Federal Rules of Civil Procedure, dealing with sanctions used when a party fails to cooperate in discovery, allows the court to strike out pleadings and render default judgment against the disobedient party.

In *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir.1984), the court held that although the sanction of dismissal is extreme, the district court has "... the discretion to dismiss a complaint where the party's conduct amounts to 'flagrant disregard and willful disobedience' of the court's discovery orders." *Id.* at 1539.

In *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir.1979), in dismissing an action under Fed.R.Civ.P. 41(b), the court pointed to the fact that there was not only a pattern of delay, but also that the party received a warning of dismissal and refused to obey court orders. *Id.* at 613.

■ In the case at bar, on August 26, 1985, the court orally granted the plaintiffs' motion to compel, and further issued an oral warning. On September 9, 1985, the court issued a written order of the August 26 oral order compelling discovery. In response to a motion by plaintiffs, the district court pointed to Mr. Burke's failure to appear for deposition; failure to respond to interrogatories and request for production of documents; failure to appear for a second scheduled deposition when directly ordered by the court to do so; and failure to make a reasonable offer to appear, and ordered that Mr. Burke's answer be stricken and that default be entered against him.

The standard of review in a default judgment under Rule 37(b) is set out in the case of *United States v. $239,500 in U.S. Currency*, 764 F.2d 771 (11th Cir.1985). The court in that case held that "[w]hile dismissal is a severe sanction, the imposition of sanctions for failure to provide discovery rests within the trial court's discretion and will not be overturned absent abuse of that discretion." *Id.* at 773. Further, in the Supreme Court case of *National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam), the court expresses the need for a strict adherence to Rule 37 so as to prevent parties from "flouting discovery orders." In the present case, Mr. Burke disregarded the court's order to compel discovery, and ignored even oral warning of the implications of failure to cooperate in discovery. There is no indication that the trial court abused its discretion in issuing the sanctions allowed by Rule 37.

The effect of a default judgment is that the defendant "... admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). The liability of Mr. Burke is not at issue. Such liability is well-pled in the complaint, and is therefore established by the entry of default against him. See, *Cocklereece v. Moran*, 500 F.Supp. 487 (N.D.Ga.,1980).

■ However, appellants challenge certain aspects of the damages award. Appellants first question the interest on the additional tax plaintiffs incurred as a result of the IRS disallowance of a deduction for the losses incurred in the Aberdeen investment. Because plaintiffs' request for the appraisal was initiated by the IRS's challenge of the deduction, and upon reliance

on that appraisal, plaintiffs delayed their settlement with the IRS, it is clear that the interest was proximately caused by the appellants' appraisal and is appropriately designated as an item of damages. See, *Meltzer v. Roof Coatings, Inc.* 536 F.2d 663 (5th Cir.1976).

■ Appellants further argue that evidence of the substantial economic benefits plaintiffs received from their Aberdeen investment, through sheltering of other income, should not have been withheld from the jury for its determination of actual damages. Though appellants' attorney attempted to introduce this evidence to show alleged inconsistent actions of plaintiff Buchanan, there was never a proffer of such evidence for the purpose of calculating an offset of damages. Because of this lack of proffer in the trial court, appellants may not now object to the court's failure to admit such evidence. See, *Mills v. Levy*, 537 F.2d 1331, 1333 (5th Cir.1976). See also, *In re Grand Jury Proceedings*, 517 F.2d 666 (5th Cir.1975).

■ The final issue related to damages caused by the appellants deals with the recovery of pre-judgment interest on plaintiffs' investment losses. According to O.C. G.A. § 7-4-15, recovery of pre-judgment interest on liquidated damages is appropriate. Appellants, however, catagorize the damages here as unliquidated, and therefore subject to the Georgia Unliquidated Damages Interest Act, O.C.G.A., § 51-12-14. In the case of *Marathon Oil Co. v. Hollis*, 167 Ga.App. 48, 305 S.E.2d 864 (1983), citing *Nisbet v. Lawson*, 1 Ga. 275, 287 (1846), the Court of Appeals of Georgia emphasized that a sum is liquidated when it is fixed and certain. The amount at issue in the present case is fixed and certain, and so liquidated. Therefore, according to O.C. G.A. § 7-4-15, the recovery of pre-judgment interest is appropriate.

For the above stated reasons, the decision of the District Court is AFFIRMED.