**BANKATLANTIC, f/k/a, Atlantic Federal Savings and Loan Association of Fort Lauderdale, Plaintiff,**

v.

**BLYTHE EASTMAN PAINE WEBBER, INC., n/k/a Painewebber, Inc., Defendant.**

**No. 87–6643–CIV.**

United States District Court, S.D. Florida.

Jan. 19, 1990.

Eugene Stearns, Miami, Fla., for plaintiff.

John Schulte, Miami, Fla., for defendant.

OMNIBUS ORDER

SCOTT, District Judge.

This cause is before the Court for resolution of post-trial motions and enforcement of the July 10, 1989 Order. 127 F.R.D. 224. Upon consideration of the arguments of counsel, we now enter the following order.

## I. POST–TRIAL MOTIONS

### A. *Motion for JNOV or New Trial*

Plaintiff has filed a Motion for Judgment Notwithstanding the Verdict, or Alterna-

tively, for New Trial. The Court has reviewed Plaintiff's eighty-five (85) page memorandum of law with exhibits, asserting a myriad of errors. We have also considered Defendant's response and the full record of trial and pretrial proceedings.

Plaintiff urges the Court to scrutinize the verdict as the suspect resolution of a complex case. From that perspective, Plaintiff argues that the verdict is not supported by the greater weight of the evidence. We disagree on both points. While some of the evidence was complex, the ultimate issues were not. Indeed, this cause presented the classic dispute for trial by jury. The parties introduced substantial evidence from which the jury reasonably found for Defendant. It is not for the Court to second-guess the jury's resolution of factual issues.[1]

As further grounds for relief, Plaintiff challenges certain evidentiary rulings by the Court. During the trial, in the exercise of our discretion, we afforded both parties great latitude in submitting evidence for consideration by the jury. These evidentiary issues were, for the most part, fully briefed and argued at the time of trial. Thus, we have already responded to Plaintiff's arguments, explaining our rulings in great detail, in open court and by written order. See, e.g., Order of October 27, 1989 (evidence of financial interest); Trial Transcript filed November 14, 1989. Plaintiff received a full and fair trial on the merits. Even in retrospect, with the benefit of hindsight, we perceive no error.[2]

Finally, Plaintiff complains that the Court should have instructed the jury about Defendant's discovery misconduct and permitted Plaintiff to introduce evidence on this issue. The Court is somewhat surprised by Plaintiff's position. At trial, the Court decided that it would not be necessary to instruct the jury about Defendant's discovery abuses because the prejudice to Plaintiff had been "amply cured"

through the expedited discovery we ordered on July 10, 1989. In any event, it was certainly within our discretion to determine that the panoply of sanctions otherwise imposed would suffice to achieve the desired result. See Order of October 20, 1989.

Finding no merit to these or Plaintiff's remaining assertions of error,[3] the Motion for Judgment Notwithstanding the Verdict, or Alternatively, for New Trial, is hereby DENIED.

### B. *Defendant's Motion for Reconsideration*

Defendant's Motion for Reconsideration of Judgment on the Pleadings on Counterclaim and for Reinstatement of Counterclaim is hereby DENIED. See Order of October 10, 1989.

## II. SANCTIONS

This cause is now in the appropriate juxtaposition for enforcement of the July 10, 1989 order. Defendant's victory on the merits of this action does not affect our intent to enforce the July 10 order. The Court considered the possibility of Plaintiff's defeat at trial. See Memorandum Order, July 10, 1989, at page 236, para. 9 ("*Should* Plaintiff ultimately prevail on the merits of this action....") (emphasis added). While we applaud the professional conduct of trial counsel, the discovery abuses of prior counsel and Defendant cannot be excused. Enforcement of the sanctions order is necessary to serve the punishment and deterrence goals of the rule and to vindicate the integrity of the Court and discovery process.

The Court has reviewed counsel's supplementary memoranda discussing the impact, if any, of *Pavelic and LeFlore v. Marvel Entertainment Group*, — U.S. —, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), on the July 10 order. *Pavelic* was grounded in a

---

1. For the same reasons, any question of perjury was for the jury to resolve in determining the credibility of the witnesses.

2. Similarly, we stand by our original rulings concerning the jury instructions.

3. In particular, we disagree with Plaintiff's characterization of Defendant's closing argument and therefore reject this argument as grounds for post-trial relief.

strict construction of Rule 11. The July 10 order was based on Rule 37(b)(2) and the inherent sanctions power of federal courts, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Rule 37 is more comprehensive than Rule 11, and the inherent sanctions power is necessarily broad. Accordingly, *Pavelic* does not alter our decision.

 Defendant argues that the inherent sanctions power of federal courts does not apply in diversity cases. That argument is contrary to Supreme Court and Eleventh Circuit authority, however. In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962), the Supreme Court upheld an order of dismissal for failure to prosecute, on the basis of the "well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices." *Link* was a diversity case. Nearly twenty years later, in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980), the Supreme Court cited *Link* as support in holding that federal courts possess inherent sanctions power.

Similarly, in *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440 (11th Cir.1985), a diversity action, the district court imposed sanctions pursuant to Rule 37, 28 U.S.C. § 1927, and its inherent sanctions power. The Eleventh Circuit affirmed, finding that "*all* of these bases, relied upon by the court below, support its assertion of power to impose sanctions for bad faith conduct during discovery." *Id.* at 1447.

To the extent that *Carlucci* conflicts with *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1508 (11th Cir.1985), *Carlucci* is the better rule. The inherent powers of federal courts are not derived from state law and therefore should not vary with the law of the forum state.

Accordingly, finding no reason to depart from the July 10, 1989 Order, it is hereby ORDERED as follows:

1. Ruden, Barnett's Motion to Amend Final Judgment is DENIED.

2. This cause is REFERRED to United States Magistrate Ted Bandstra for the issuance of a Report and Recommendation on the amount of costs and fees awardable to Plaintiff from Ruden, Barnett et al. and Defendant as a result of the July 10, 1989 Order.

3. Defendant's Motion to Tax Costs is DEFERRED pending review of the pleadings and documentation submitted. Ultimately, the Court will set-off the amount of costs due Defendant from the amount of costs and fees due Plaintiff as a result of the July 10, 1989 Order.

DONE and ORDERED.