**In re SUN ISLAND REALTY, INC., Debtor.**

**Kenneth V. HEMMERLE, Sr., S.I.R. Investment and Development, Inc., and King of Clubs, Inc., Appellants,**

**v.**

**Daniel L. BAKST, Trustee, Appellee.**

**No. 92–6935–CIV.**

United States District Court, S.D. Florida.

Oct. 27, 1993.

Kenneth V. Hemmerle, Sr., Ft. Lauderdale, FL, Pro Se.

Jan Michael Morris, Boca Raton, FL, for Kenneth V. Hemmerle, Sr.

Richard Gerald Doggett, Jan Michael Morris, Boca Raton, FL, for S.I.R. Investment and Development, Inc., King of Clubs, Inc.

Leslie Gern Cloyd, Ackerman, Bakst & Cloyd, PA, West Palm Beach, FL, for Appellee.

## ORDER AFFIRMING FINAL ORDERS AND FINAL JUDGMENT OF BANKRUPTCY COURT

ARONOVITZ, District Judge.

This is an appeal of three (3) final orders and a final judgment entered by Judges A.J. Cristol and Richard Bohanon of the United States Bankruptcy Court for the Southern District of Florida.[1] The orders on appeal are: (1) Order Granting Plaintiff's Motion for Sanctions and Entering Default Against The Defendants, dated May 19, 1992; (2) Final Judgment for Plaintiff After Default, dated May 19, 1992; (3) Order Denying As Moot Defendants' Motion For Clarification and Objection To Non–Jury Trial, dated May 20, 1992, and (4) Order Dismissing Counterclaims, dated April 24, 1992. The Court has considered the briefs on appeal, argument of counsel, the entire record, and the applicable law, and is otherwise fully advised in the premises. For the following reasons, the foregoing orders and final judgment on appeal are hereby AFFIRMED.

### Factual and Procedural Background

On September 26, 1990, Debtor Sun–Island Realty, Inc. filed for Chapter 11. Thereafter, Appellee Daniel L. Bakst ("Trustee") was appointed trustee. Subsequently, the case was converted to Chapter 7 and the Trustee continued in his capacity by bankruptcy court order. Appellant Kenneth V. Hemmerle, Sr., ("Hemmerle") is an insider of the Debtor. TR at 3. Appellants S.I.R. Investments and Development, Inc., and King of Clubs, Inc. are corporations controlled by Hemmerle.

On July 26, 1991, the Trustee filed an adversary complaint seeking to set aside eight (8) allegedly fraudulent transfers of real estate made by the Debtor to Hemmerle pursuant to 11 U.S.C. § 548[2]. Appellants' motions to dismiss the adversary complaint were denied by the bankruptcy court on October 4, 1991, and this ruling was never appealed. Despite being ordered to file a response to the adversary complaint, and the subsequent entry of a clerk's default which was later vacated, Appellants finally filed their answer, affirmative defenses, and counter-claims on February 3, 1992. On April 24, 1992, the bankruptcy court entered an Order Dismissing Counterclaims. Said order did so without prejudice. This order is on appeal and listed in Appellants' Notice of Appeal dated May 28, 1992.

### (i) The discovery matters

It is the matter of Appellants' conduct relating to discovery which gives rise to the appeal. On June 18, 1992 the bankruptcy court entered an Order, nunc pro tunc, on Plaintiff's Motion To Compel Production of Documents And/Or For Contempt which pertained to the bankruptcy court's oral rulings made on May 11, 1992. Said order states that prior requests for production had been made upon Appellants. Moreover, said order ordered that Appellants produce the requested documents on or before May 15 at 5:00 p.m. The documents sought had been the subject of a February 1992 motion for sanctions upon which Judge Cristol had deferred ruling.

Upon the Appellee's ore tenus motion for sanctions at the bankruptcy court's May 18, 1992 calendar call, the bankruptcy court heard testimony as to whether Appellants had complied with the May 11 order[3]. The bankruptcy court heard from Appellee's counsel and Appellant Hemmerle. The bankruptcy court heard from Appellee's

---

1. Judge Bohanon, a visiting judge, entered the Final Judgment, Order Granting Sanctions and Entering Default.

2. The allegations of the adversary complaint allege that Debtor fraudulently transferred eight (8) properties to Hemmerle within the preference period. Despite the fact that the deeds bear a date prior to the one year before the filing for bankruptcy, the deeds were not recorded until

thirteen (13) days prior to the filing of the petition. Moreover, Debtor allegedly listed the properties in its schedule of assets, and later amended same deleting the eight (8) properties.

3. Visiting Judge Richard Bohanon presided over the May 18 calendar call. It was Judge Cristol who entered the May 11 ruling regarding the May 15 discovery deadline.

counsel the more credible witness. TR at p. 54. The bankruptcy court found that Appellants did not act in good faith compliance with the discovery orders[4]. Further, the bankruptcy court found that striking of Appellants' answer and the entry of a default were the appropriate sanctions under Fed. R.Civ.P. 37. TR at 55 and Order Granting Plaintiff's Motion For Sanctions And Entering Default Against The Defendants.

Contemporaneous with the entry of the order granting sanctions and default, the bankruptcy court entered a final judgement which found the transfers of the eight parcels of real estate were fraudulent and set aside the transfer of same. *See* Final Judgment For Plaintiff After Default.

### (ii) Appellants' demand for jury trial

A trial on the adversary complaint was scheduled for May 18, 1992. On May 12, 1992, Appellants filed a Motion for Clarification and Objection to Non–Jury Trial. Appellants had demanded a jury trial on those issues triable to a jury. *See* Defendants' Answer at p. 15. The bankruptcy court denied the motion on May 20, 1992.

### *Discussion*

### (i) Standard of Review

■ Factual findings of a bankruptcy court are subject to a "clearly erroneous" standard of review. Federal Bankruptcy Rule of Procedure 8013. A bankruptcy court's conclusions of law are subject to de novo review. The Supreme Court and the Eleventh Circuit have held that when the imposition of sanctions are involved, that same is reviewable under an abuse of discretion standard of review. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Jaffe v. Grant,* 793 F.2d 1182 (11th Cir.1986), *rehearing denied,* 803 F.2d 1185, *cert. denied* 480 U.S. 931, 107 S.Ct. 1566, 94 L.Ed.2d 759.

### (ii) Entry of Default, and Entry of Final Judgment After Default for violations of discovery

■ On appeal this court must determine if the bankruptcy court abused its discretion when it entered default against Appellants and entered final judgment. Bankruptcy Rule 7037 incorporates Fed.R.Civ.P. 37 which permits a court to enter default and/or strike the pleadings of a disobedient party. In this matter, the record reveals that Appellants had been warned and placed on notice by the bankruptcy court on several occasions that they must comply with Appellee's discovery requests. At the May 18, 1992, trial date, the bankruptcy court received testimony which revealed that the oral May 11, 1992, order compelling production of documents had not been complied with by Appellants. Simply, the bankruptcy court found Appellee's counsel testimony more credible at the May 18 hearing. In this instance, where the bankruptcy court had issued oral warnings to Appellants and where the bankruptcy court found that Appellant "intentionally, repeatedly, and without excuse disobeyed" the bankruptcy court's orders regarding production of documents to Appellees, the bankruptcy court did not abuse its discretion in entering default and entering final default judgment. *See* Order Granting Plaintiff's Motion for Sanctions And Entering Default Against The Defendants; and *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir.1987). Notwithstanding the foregoing, Appellants do very little to cast doubt on whether the bankruptcy court abused its discretion.

### (iii) The Order Striking Defendants' Counterclaims

■ In light of the foregoing discussion, the Court need not address Appellants' appeal of the bankruptcy court's April 24, 1992 Order Dismissing Defendants' Counterclaims. Aside form the fact that said Order is as one of the orders on appeal, Appellants' brief fails to address whatever challenges it has to said Order Dismissing Counterclaim, the previous discussion renders any issue relating to the dismissal of Appellant's counterclaims as moot.

### (iv) Appellants' Demand for Jury Trial

■ Appellants' claim that they were entitled to a jury trial is misplaced as the court

---

4. The discovery items sought are detailed at TR pp. 36 to 38.

finds no error. The *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) decision held that a party who has not submitted a claim against a bankrupt estate is entitled to a trial by jury when sued by the trustee in bankruptcy to recover an alleged fraudulent monetary transfer. The focus of inquiry in the foregoing limited scenario is the nature of the relief sought; equitable versus legal. Since the Trustee's complaint was seeking to set aside an alleged fraudulent transfer of real estate, the relief sought would be deemed equitable. Therefore, notwithstanding the fact that Appellants' had not filed any claims against the estate, the bankruptcy court correctly denied Appellants' request for jury trial. *See In re Stocks,* 137 B.R. 516 (Bankr.N.D.Fla.1991) (Defendant not entitled to jury trial even though defendant did not file proof of claim where action was equitable requesting declaration that interest in partnership was property of bankrupt estate.) Accordingly, there was no error in denying Appellants' demand for trial by jury.

### Conclusion

For the reasons set forth herein, it is

ORDERED AND ADJUDGED that:

(1) The bankruptcy court's May 19, 1992 Order Granting Plaintiff's Motion for Sanctions and Entering Default Against The Defendants is AFFIRMED.

(2) The bankruptcy court's May 19, 1992 Final Judgment for Plaintiff After Default is AFFIRMED.

(3) The bankruptcy court's May 20, 1992 Order Denying Defendants' Motion For Clarification and Objection To Non–Jury Trial is AFFIRMED.

(4) The bankruptcy court's April 24, 1992 Order Dismissing Counterclaims is AFFIRMED.

DONE and ORDERED.