[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------
No. 04-15321
Non-Argument Calendar
----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00436-CV-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE RAY KAHN, et al.,

Defendants,

BRYAN MALATESTA,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(January 17, 2006)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA , Circuit Judges.

PER CURIAM:

Bryan Malatesta, a certified public accountant, appeals pro se the district court's entry of a permanent injunction forbidding him from performing certain tax advice-related acts. The district court ordered the injunction when it entered a default judgment against Malatesta for failing to file a sufficient answer to the government's civil complaint for permanent injunction. No reversible error has been shown; we affirm.

Malatesta argues that the district court erred in entering a default against him. We review a district court's decision to uphold an entry of default for an abuse of discretion. See E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a).

Malatesta contends that he sufficiently answered the allegations in the government's complaint with statements in his "Answer to Plaintiffs Motion for Temporary Injunction and Restraining Order" (Answer to TRO). We disagree. First, the caption of this document indicates that it is a response to the government's motion for temporary restraining order and preliminary injunction, which the government filed in connection with its complaint for permanent

injunction.  Second, and most important, Malatesta's Answer to TRO contained no general or specific denials of the averments in the government's complaint: this document does not comport with the pleading requirements of Fed.R.Civ.P. 8(b).[1] Instead, the Answer to TRO responded to the "Facts" section of the government's motion for TRO with a vague statement that Malatesta did not engage "in any activity that could even remotely be described as unlawfully 'obstructing IRS examination and collection efforts.'"[2]

Third, the record indicates that Malatesta was not served formally with the government's complaint until 12 January 2004; but he filed the Answer to TRO on 19 December 2003, apparently after receiving the government's motion for TRO only.[3]  We reject Malatesta's suggestion that, by diligently responding to the motion for TRO, he somehow answered the government's complaint before being served with the complaint.  Even giving Malatesta's Answer to TRO the benefit of

---

[1] We note that the complaint contained a section with detailed allegations of Malatesta's conduct. But nowhere in Malatesta's Answer to TRO do we find a reference to the government's complaint.

[2] We point out that Malatesta in this statement quotes from the government's motion for TRO, not the government's complaint.

[3] The government filed both the complaint and the motion for TRO in district court on 8 December 2003.  The TRO included a statement that it had been mailed to Malatesta on 8 December 2003; but the complaint contained no such provision.  Malatesta for the first time in his reply brief contends that he received both the complaint and motion for TRO on 8 December 2003: this alleged fact, he claims, explains how he was able to respond to the complaint before being served.  But apart from Malatesta's bare assertion, nothing in the record indicates that Malatesta received the complaint prior to 12 January 2004, the day the process server delivered the complaint to Malatesta.

the doubt as a pro se litigant, see Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), we cannot agree with Malatesta that his Answer to TRO can function as an answer to the government's complaint.

And even after being served with the government's complaint, Malatesta failed to file a timely answer. The district court denied the government's initial motion for default: the court noted our disfavor of entries of default and our "strong policy for deciding cases on their merits." In re Worldwide Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). The district court then directed Malatesta to file an answer to the government's complaint within ten days of the entry of the court's order. But still Malatesta filed no answer.[4] The district court did not abuse its discretion in entering a default against Malatesta for failing to answer the government's complaint.

Malatesta next argues that the district court abused its discretion in entering default judgment because the government in its complaint failed to state a valid cause of action against him. We review a district court's grant of default judgment

---

[4] Malatesta filed many documents in response to the government's renewed motion for default. But none of these documents suggest that they were an answer to the government's complaint. In any event, on appeal Malatesta argues only that his Answer to TRO constituted a sufficient answer; and he did not indicate to the district court that his Answer to TRO constituted his answer to the government's complaint.

4

for abuse of discretion.  <u>Sanderford v. Prudential Ins. Co. of Am.</u>, 902 F.2d 897, 898 (11th Cir. 1990).

The government's complaint alleged that Malatesta was a CPA who acted as personal representative for customers of American Rights Litigators (ARL) and its successor entity, Guiding Light of God Ministries (GLGM), both of which were vehicles for selling abusive tax schemes that purported to exempt their customers from federal taxation.  According to the complaint, Malatesta made false, fraudulent statements on behalf of ARL/GLGM customers that were intended to obstruct IRS enforcement acts and that resulted in the understatement of tax liability.  In representing ARL/GLGM customers, Malatesta drafted letters to the IRS (1) making frivolous arguments about the internal revenue laws, (2) threatening to file complaints against individual IRS employees, (3) falsely claiming that IRS employees were violating the law by attempting to collect taxes from ARL/GLGM customers, and (4) making frivolous Freedom of Information Act requests demanding nonexistent documents.  Customers also could purchase letters from Malatesta to third parties demanding that they refuse to comply with IRS administrative summonses.  And Malatesta represented customers at IRS collection due process hearings, where he would make frivolous arguments and refused his customers' cooperation.

Malatesta correctly notes that a default judgment may not stand on a complaint that fails to state a claim. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). But after reviewing the government's complaint, we conclude that the complaint contained sufficient "well-pleaded allegations," see id., to state a claim for injunctive relief under 26 U.S.C. §§ 7402(a) and 7408, based on violations (of 26 U.S.C. §§ 6700 and 6701) by Malatesta and the codefendants. And because the default judgment establishes as fact the government's well-pleaded allegations of fact, Malatesta may not contest these facts on appeal. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

Also, we reject Malatesta's argument that the district court failed to apply the correct legal standards in granting the permanent injunction. We review a district court's decision to grant an injunction for an abuse of discretion. S.E.C. v. ETS Payphones, Inc., 408 F.3d 727, 731 (11th Cir. 2005). We review de novo the district court's determinations of law; but we review for clear error the fact determinations supporting an injunction. Id.

After determining that Defendants violated §§ 6700 and 6701, the district court enjoined them from, among other things, preparing documents for submission to the IRS on behalf of others or representing others in IRS

6

proceedings. The district court determined (1) that the United States and the public would suffer irreparable harm in the absence of the injunction, (2) that Defendants would suffer little harm from the injunction, (3) that Defendants' tax positions were frivolous, (4) that the public interest would be served by granting the injunction, and (5) that, absent the permanent injunction, Defendants would continue to violate §§ 6700 and 6701 and to interfere with the administration of internal revenue laws. Malatesta has not shown that these fact determinations are clearly erroneous: we remember that the default judgment established as fact the allegations of fact in the government's complaint. See Buchanan, 820 F.2d at 361. And the district court's determinations are sufficient to show that it set out and applied the proper factors for granting a permanent injunction under §§ 7402(a) and 7408.[5]

Finally, Malatesta argues that the permanent injunction is a prior restraint on his speech and violates his First Amendment rights. But he did not present this issue to the district court: we do not consider it. See Wright v. Hanna Steel Corp., 270 F.3d 1336, 1342 (11th Cir. 2001) (stating that, subject to several narrow

---

[5] We reject Malatesta's claim that he will be harmed excessively by the provision of the injunction forbidding him from representing others before the IRS. He admits that his last full-time job involved bookkeeping for a company: nothing in the injunction forbids him from pursuing similar employment.

exceptions, courts of appeal generally do not consider an issue not raised in the district court).[6]

In sum, we reject Malatesta's arguments and affirm the district court's order entering default judgment and a permanent injunction against Malatesta.

AFFIRMED.

---

[6] Malatesta argues for the first time in his reply brief that his First Amendment argument comes under the exceptions to our general prohibition against considering new issues on appeal. We need not consider this argument. See Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1343 (11th Cir. 2005) (stating that arguments raised for the first time in a reply brief are not properly before this Court).