UNITED STATES of America, Plaintiff,

v.

ONE 1999 FORTY SEVEN FOOT FOUNTAIN MOTOR VESSEL, et al., Defendants.

No. 04–80995–CIV.

United States District Court, S.D. Florida.

Feb. 21, 2007.

### ORDER

JOHNSON, United States Magistrate Judge.

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Claim and Answer of Lipoban (Bahamas) Ltd., Inc. (D.E.# 125). This matter was referred to the Court by the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, after the parties consented to trial before the undersigned United States Magistrate Judge. In view of said consent, the above-stated motion shall be disposed of by order rather than by report and recommendation.

By this Motion Plaintiff seeks an order striking the Claim and Answer of Lipoban (Bahamas), Ltd., Inc. ("Lipoban"). This is a civil forfeiture action for forfeiture of various bank accounts, real properties and a motor vessel. Claimant Lipoban filed its claim in this action on November 3, 2004. Shortly thereafter, on January 24, 2005, the District Court entered an Order releasing attorney Kenneth Minerly as counsel for Lipoban and directed Lipoban to retain substitute counsel and have said counsel file a notice of appearance on its behalf within 20 days. *See* D.E. # 36. The Order went on to state that "[i]f counsel does not appear within that time, its Verified Claim shall be stricken." *Id.* Some four months later, on May 22, 2006, with no counsel for Lipoban having filed a notice of appearance, Plaintiff moved to strike Lipoban's claim for failing to comply with the District Court's Order. Then on June 15, 2006, more than one year after the Court Order to retain new counsel, attorney Kevin J. Kulik filed a Notice of Appearance on behalf of Lipoban.[1]

---

1. On that same date, June 15, 2006, the undersigned, relying on the docket sheet which did not at that time reflect the filing of the Notice, entered a Report and Recommendation recommending that the claim of Lipoban be stricken for failure to obtain substitute counsel. The Report and Recommendation was subsequently withdrawn upon discovery of the late-filed Notice of Appearance.

On August 10, 2006, the undersigned entered an Order allowing limited discovery for the purpose of determining whether Lipoban had standing to appear in this action (D.E.# 114). In accordance with that Order, Plaintiff served Lipoban with deposition notices for the appearance of three of its assumed-to-be directors, Bruno Roberts, Charlene Wells–Storr, and Adrian Crosble–Jones. The depositions were scheduled to take place on October 4, 2006. Prior to the scheduled date and time for the depositions Plaintiff's counsel was advised by counsel for Lipoban that "(a) he did not know the named persons were ever directors of Lipoban, and (b) was unable to produce these non-parties (who had not been personally served) for deposition." Lipoban's Response in Opposition, p. 2, ¶ 5. Plaintiff's counsel was never given the names of other individuals who would appear as directors of Lipoban. As predicted, none of the three individuals appeared at the depositions scheduled.

On October 18, 2006, Plaintiff filed a Motion to Compel seeking an order compelling Lipoban's directors to appear for deposition. No response in opposition to the Motion was filed, and the Motion was granted by default on November 15, 2006. In the Court's November 15, 2006, Order, the undersigned ordered Lipoban's directors to appear for deposition within 14 days of the Order. In accordance with the Order, the depositions were scheduled for December 1, 2006. Once again, prior to the date scheduled for the depositions, Lipoban's counsel advised counsel for Plaintiff that no one would appear at the depositions and in fact none of the individuals noticed did appear. As before, counsel for Lipoban never provided Plaintiff's counsel with the names of other individuals who could testify on behalf of Lipoban.

Having been frustrated in its attempts to obtain discovery, Plaintiff filed the instant Motion to Strike Claim and Answer on December 13, 2006. With no timely response to the Motion having been filed, this Court, on January 8, 2007, entered an Order to Show Cause why Plaintiff's Motion to Strike should not be granted by default. On February 7, 2007, after having obtained an extension of time to respond to the Order to Show Cause, Lipoban filed its Response to the Plaintiff's Motion to Strike, which is the subject matter of the within Order.

Plaintiff moves pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, for an order that would: "(1) take as established that the claimant Lipoban (Bahamas) Ltd., Inc. is a nominee for George Forgione and did not exercise any dominion or control over the properties that it has claimed and (2) strike the claim and answer of Lipoban (Bahamas) Ltd., Inc., for lack of standing, failure to cooperate in discovery and for twice disobeying this Court's orders." Plaintiff's Mtn., p. 4. Rule 37(b)(2) provides that a court may issue sanctions for failure to obey an order to provide or permit discovery, including an order compelling discovery issued under Rule 37(a). Rule 37(b)(2) specifically authorizes the following sanctions:

(a) an order that the matters regarding the order or any other designated facts be taken to be established for the purposes of the action;

(b) an order refusing the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence;

(c) an order striking the pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action, or rendering a judgment by default against the disobedient party;

(d) an order of contempt against the party for failing to obey a court order; and

(e) in certain cases, an order requiring a party to produce another person for examination.

In addition, Rule 37(b)(2) provides that courts shall require the party and/or the attorney advising the party that failed to comply with the court's discovery order to pay all reasonable expenses, including attorney fees, unless substantial justification is shown for failure to comply.

The sanctions listed in Rule 37(b)(2) are not mutually exclusive. Courts are not limited to these sanctions and have broad discretion in imposing sanctions under Rule 37.

698

*See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Guidry v. Continental Oil Co.,* 640 F.2d 523, 533 (5th Cir. 1981), *cert. denied,* 454 U.S. 818, 102 S.Ct. 96, 70 L.Ed.2d 87 (1981); *Dorey v. Dorey,* 609 F.2d 1128, 1135 (5th Cir.1980).

■■■ The extensive sanctions available to courts under Rule 37 for failure to comply with discovery orders are necessary to compensate the court and parties, facilitate discovery and deter abuse of the discovery process.[2] Thus, it is important that the non-offending party be compensated by parties, and their counsel alike if the circumstances warrant, for the added expenses caused by the violation of discovery orders.[3] Moreover, it is appropriate to strike pleadings and enter default judgment against parties who violate discovery orders.[4] Finally, parties can be held in contempt for refusing to comply with discovery orders. *See Pesaplastic v. Cincinnati Milacron Co.,* 799 F.2d 1510 (11th Cir. 1986); *Securities and Exchange Commission v. First Fin. Group of Texas, Inc.,* 659 F.2d 660 (5th Cir.1981). As stated by the Supreme Court in *Gompers v. Buck's Stove & Range,* 221 U.S. 418, 450, 31 S.Ct. 492, 55

L.Ed. 797 (1911), "the power of courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *See Roadway Express v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

■■■ Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. *In re Chase & Sanborn Corp. et al,* 872 F.2d 397 (11th Cir.1989). Moreover, the non-moving party must show that all reasonable efforts were made to comply with the court's order. *United States v. Rizzo,* 539 F.2d 458, 465 (5th Cir.1976). The non-moving party cannot prove impossibility to comply with the discovery order through mere assertions. *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir.1984); *see In re Chase & Sanborn Corp.,* 872 F.2d at 400 (respondent failed to meet burden of production of impossibility to comply in merely asserting that compliance with discovery order would violate its domestic laws).

---

**2.** As stated by the Supreme Court, even the "most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction but to deter those who might be tempted to such conduct in the absence of such deterrent." *National Hockey League,* 427 U.S at 643, 96 S.Ct. 2778. *Accord Gratton v. Great American Communications,* 178 F.3d 1373, 1374–75 (11th Cir.1999)("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."); *Bankatlantic v. Blythe Eastman Paine Webber, Inc.,* 130 F.R.D. 153, 154 (S.D.Fla.1990) ("Enforcement of the sanctions order is necessary to serve the punishment and deterrence goals of the rule and to vindicate the integrity of the Court and discovery process"). Furthermore, sanctions should insure that the party complying with discovery is not prejudiced. *See Black Panther Party v. Smith,* 661 F.2d 1243, 1255 (D.C.Cir.1981), *vacated and remanded on other grounds,* 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982).

Similarly, the Eleventh Circuit recognizes the purposes sanctions should serve. They include: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring oth-

ers from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *See Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1453 (11th Cir.1985).

**3.** *See In re Southeast Banking Corp.,* 204 F.3d 1322, 1335 (11th Cir.2000)("No litigant and no attorney ... may be permitted to exhibit ... contumacious conduct without risk of sanctions under Rule 37."); *Pesaplastic v. Cincinnati Milacron Co.,* 799 F.2d 1510 (11th Cir.1986) (court ordered defendant and defense counsel to pay costs incurred in applying for relief for violation of discovery orders); *Carlucci,* 775 F.2d 1440 (court ordered $10,000 sanction payable to court registry for defense counsel's noncompliance with court's discovery orders); *Bankatlantic,* 130 F.R.D. at 154 (discovery abuses of prior counsel and defendants warranted sanctions despite present trial counsel's professional conduct).

**4.** *Adolph Coors Co. v. Movement Against Racism,* 777 F.2d 1538 (11th Cir.1985)(court ordered default judgment because defendants refused to comply with discovery order); *see Buchanan v. Bowman,* 820 F.2d 359 (11th Cir.1987) (court struck answer and issued default judgment for failing to comply with court order compelling discovery).

■ What is perfectly clear in this case is that despite having been provided ample opportunities to comply with the Federal Rules of Civil Procedure and in derogation of the express orders of this Court, Lipoban has intentionally frustrated Plaintiff's attempts to obtain discovery by failing and refusing to ensure that its directors appear at two properly scheduled depositions, despite proper notice and this Court's Order compelling their appearance. Lipoban claims the individuals noticed for deposition neither are or were directors of Lipoban. That may well be (though as will be discussed later, the evidence does not bear this statement out), however, the fact remains there was a Court order requiring Lipoban's directors to appear at deposition, which Lipoban simply chose to ignore. It seems simple really: When a court enters an order, that order should be followed—it should not be viewed as an advisory opinion that one chooses to follow or not at his or her whim or convenience. If Lipoban desired a modification of this Court's Order to reflect other named directors, or additional time in which to comply with the Order's requirements, it should have filed a motion in that regard. Interestingly enough Lipoban never sought a protective order when Plaintiff noticed the Lipoban directors for deposition, never responded to the Motion to Compel, and never sought to have the Order entered thereon reversed, or otherwise modified. Obviously, there were numerous actions Lipoban could have taken. Clearly, Lipoban should not have done what it did in this instance and simply ignore the Order's dictates.

Seeking to justify its flagrant disregard of this Court's Orders Lipoban states that "Plaintiff has produced no evidence that the three persons named on Plaintiff's notices for deposition were directors of Lipoban (Bahamas), Ltd., Inc." Lipoban's Resp., p. 1. As the Government correctly observes, Lipoban has the burdens wrong: Where, as here, the moving party makes a prima facie showing that the other party has violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. *In re Chase & Sanborn Corp. et al*, 872 F.2d 397 (11th Cir.1989). Thus, the burden is on Lipoban, not the Government, to prove that the individuals in question are not directors of Lipoban. This, Lipoban has failed to do.

Lipoban contends that the records of the Florida Department of State do not name Bruno Roberts as director of Lipoban. Attached as Exhibit "1" to Plaintiff's Reply, however, is a copy of Lipoban's "Application by Foreign Corporation for Authorization to Transact Business in Florida," which was signed by Bruno Roberts as *"Bruno Roberts, Director."* *See* Application by Foreign Corporation for Authorization to Transact Business in Florida, p. 13, attached as Exhibit "1" to Plaintiff's Reply. Further review of Florida corporate records reveals that two days later Lipoban applied for registration of a fictitious name on two occasions. In both documents the owner of the fictitious name is listed as Lipoban (Bahamas) Ltd. Corp. *See* Applications for Registration of Fictitious Name, Section 2B, attached as Exhibits "2" and "3" to Plaintiff's Reply. Both documents were signed by Bruno Roberts on behalf of Lipoban (Bahamas) Ltd. Corp. as the "owner." *Id.* at Section 3. Based on this documentary evidence it is clear that Plaintiff's attempts to depose Bruno Roberts by serving Lipoban's counsel were entirely proper.

As for the other two individuals Plaintiff sought to depose, Charlene Wells–Storr and Adrian Crosbie–Jones, Lipoban asserts that "[t]hough a previous Reinstatement of the Corporation, prior to its final dissolution, bore the names Charlene Wells–Storr and Adrian Crosbie–Jones as authorized signatories (typed-in lieu of directors or officers), they are not identified as directors of Lipoban. Instead, Business Management Ltd., located in Nassau, was the only listed director. (Exhibit A)." Lipoban's Resp., p. 2, ¶ 3 (emphasis in original). The Reinstatement of Corporation referenced by Lipoban as attached as Exhibit A to its Response is in fact not attached. Plaintiff attaches to its Reply what is presumed to be the exhibit referred to by Lipoban entitled "Corporation Reinstatement." *See* Corporation Reinstatement, attached as Exhibit "4" to Plaintiff's Reply. Careful review of the document in question belies Lipoban's assertion that Charlene Wells–Storr and Adrian Crosbie–

Jones signed merely as "authorized signatories"(whatever that means), and not as officers and directors of Lipoban. The language immediately preceding Wells–Storr and Crosbie–Jones' signatures states:

10. I certify that I am an officer or director or the receiver or trustee empowered to execute this application as provided for in chapter 607 or 617 F.S. .... The information indicated on this application is true and accurate, and my signature shall have the same legal effect as if made under oath.

*Id.*

It is clear from the foregoing that by signing the application, both Wells–Storr and Crosbie–Jones certified that they are either officers or directors, or have authority as a receiver or trustee to act on behalf of the corporation. As Plaintiff correctly observes, there is nothing in the aforementioned document that provides for certification by "Authorized signatories" nor does that term added after the signatures in any way prove that they are not officers or directors of Lipoban.

By providing no evidence to contradict the aforementioned documentary evidence, and by failing to identify anyone else who could testify at deposition, Lipoban has failed to sustain its burden of proof to show that it was impossible to comply with the Court's Orders. Lipoban's repeated disregard for the Federal Rules of Civil Procedure and the Local Rules of this Court, it's failure to make anyone available for deposition, failure to identify any witnesses who can testify for Lipoban, and its willful, continuous and repeated failure to comply with the Court's Orders, justifies sanctions in this case. As such, Lipoban's attempt to appear in this lawsuit must fail and its Claim and Answer must be stricken. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Claim and Answer of Lipoban (Bahamas) Ltd., Inc. (D.E.# 125) is **GRANTED**. Sanctions pursuant to Fed. R.Civ.P. Rule 37(b)(2) are hereby imposed against Lipoban, and shall take the following form:

(1) The Court shall hereafter take as established that the claimant Lipoban (Bahamas) Ltd., Inc. is a nominee for George Forgione and did not exercise any dominion or control over the properties that it has claimed;

(2) The Claim and Answer of Lipoban (Bahamas) Ltd., Inc., is stricken for lack of standing, failure to cooperate in discovery and for twice disobeying this Court's orders;

(3) All pending motions filed by Claimant Lipoban, Including Lipoban's Renewed Motion to Unseal Search Warrant (D.E.# 133), are hereby **DENIED AS MOOT**.