[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15093
Non-Argument Calendar

_____

D.C. Docket Nos. 8:14-cv-01250-SDM; 8:01-bk-09988-ALP


In Re: TERRI L. STEFFEN,

Debtor.

_____

TERRI L. STEFFEN,

Plaintiff-Appellant,

versus

DOUGLAS N. MENCHISE,
Chapter 7 Trustee,

Defendant-Appellee.


_____

No. 14-15094
Non-Argument Calendar

_____

D.C. Docket Nos.  8:14-cv-01251-SDM; 8:01-bk-09988-MGW

In Re: Terri L. Steffen,

Debtor.

_____

TERRI L. STEFFEN,

Plaintiff-Appellant,

versus

DOUGLAS N. MENCHISE,
Chapter 7 Trustee,

Defendant-Appellee.

_____

No. 15-12554
Non-Argument Calendar
_____

D.C. Docket Nos.  8:14-cv-00416-SDM; 8:01-bk-09988-MGW

In re:

        TERRI L. STEFFEN

Debtor.

_____

TERRI L. STEFFEN,

Plaintiff-Appellant,

versus

2

UNITED STATES OF AMERICA,

Defendant-Appellee.

————————————————

Appeals from the United States District Court
for the Middle District of Florida
————————————————

(September 6, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Terri Steffen, proceeding *pro se* in these three consolidated appeals, appeals

the district court's order affirming the bankruptcy court's entry of default judgment

in an adversary action by the Government and the district court's dismissal of an

appeal from two related cases on procedural grounds.  After review, we affirm the

entry of default judgment in the Government's adversary action, case number 15-

12554, and dismiss as moot case numbers 14-15093 and 14-15094.

## I.  PROCEDURAL BACKGROUND

Steffen sought discharge of her debts through a bankruptcy proceeding filed

in 2001.[1]  The Government and a trustee both filed separate adversary actions

objecting to the discharge of Steffen's debts.  *See* 11 U.S.C. § 727(a)(2)(B)

(prohibiting discharge when "the debtor, with intent to hinder, delay, or defraud a

---

[1] As the parties are familiar with the facts of this case, we will not recount them in detail.
We include only those facts necessary to the discussion of each issue.

creditor or an officer of the estate charged with custody of property under this title, has transferred . . . property of the estate, after the date of the filing of the petition"); *id.* § 727(c)(1) (permitting "[t]he trustee [or] the United States trustee" to "object to the granting of a discharge under subsection (a)"). The adversary actions were consolidated by the bankruptcy court. After Steffen failed to attend a deposition in 2009, the bankruptcy court granted the Government's sanctions motion and ordered, among other things, that Steffen attend a deposition until completed despite any objections to the questions asked. Steffen appealed the 2009 sanction order to this Court, but she subsequently moved to dismiss her appeal with prejudice and this Court granted her motion. The Government provided notice to Steffen of a deposition scheduled in April 2011 but Steffen appeared without her attorney and refused to answer a question without asserting any claim of privilege. The bankruptcy court subsequently granted motions by the Government and the trustee for default judgment against Steffen in the adversary cases as a sanction. As a result, the bankruptcy court entered a final judgment in Steffen's general bankruptcy case denying discharge of her debts. Steffen appealed to the district court, which affirmed the grant of default judgment in the Government's adversary case. The district court dismissed Steffen's appeals from the trustee's adversary case and the general bankruptcy case for failure to pay

4

filing fees, file initial briefs, submit statements of the issues, and designate the record.

## II.  DISCUSSION

### A.    *The Government's Adversary Action*

We first consider Steffen's appeal from the Government's adversary action (case no. 15-12554).  Steffen argues that the district court erred in affirming the bankruptcy court's entry of default judgment because the bankruptcy court abused its discretion in issuing the original 2009 sanction order as well as the sanction order granting default judgment.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (explaining that the entry of a default judgment as a sanction for a discovery violation is reviewed for an abuse of discretion).

The district court did not err in affirming the entry of default judgment in the Government's adversary action.  First, because the district court previously affirmed the 2009 sanction order and this Court dismissed Steffen's appeal from that order with prejudice, we may not review the merits of the 2009 sanctions order.  Second, as to the sanction order granting default judgment, the bankruptcy court did not abuse its discretion in imposing default judgment as a sanction for failing to comply with its discovery order.[2]  Under Rule 37, the court may impose

---

[2] In the bankruptcy context, we sit as a second court of review, examining the legal conclusions of the bankruptcy court and the district court *de novo* and the bankruptcy court's

5

sanctions for not obeying a discovery order, including rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also* Bankruptcy R. 7037 (stating that Fed. R. Civ. P. 37 applies in adversary proceedings). Throughout the proceedings, Steffen engaged in an effort to avoid discovery and delay the proceedings. After being ordered to complete the deposition, Steffen appeared at her deposition without counsel despite receiving notice. Steffen then refused to answer a question without grounds to do so, despite the bankruptcy court's prior order that the deposition should continue despite objections. Steffen's efforts to interfere with and delay discovery show that Steffen was not acting in a good faith attempt to complete her discovery requirements, *see Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) ("[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order."), and that a lesser sanction would not suffice, *see id.* (default judgment is appropriate as a "last resort, when less drastic sanctions would not ensure compliance with the court's orders"). Accordingly, we affirm case number 15-12554.

B.    *The Trustee's Adversary Action and the General Bankruptcy Case*

---

factual findings for clear error. *Finova Capital Corp. v. Larson Pharmacy Inc.* (*In re Optical Techs., Inc.*), 425 F.3d 1294, 1299-1300 (11th Cir. 2005).

6

We next consider Steffen's appeals from the trustee's adversary action (case no. 14-15094) and the general bankruptcy case (case no. 14-15093). The trustee has moved this Court to dismiss these appeals because the bankruptcy court's appropriate grant of default judgment in the Government's adversary case has rendered them moot. We have held that:

> If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.

*Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (citations and quotation marks omitted); *see also Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (quotation marks omitted)). "The burden of establishing mootness rests with the party seeking dismissal." *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009).

Because we find that the district court did not err in affirming the bankruptcy court's grant of default judgment against Steffen in the Government adversary action, the remaining appeals are moot. The trustee adversary action was consolidated with the Government adversary action in the bankruptcy court. Therefore, each of the decisions that Steffen appealed to the district court from the

7

trustee adversary case were also appealed to, and affirmed by, the district court in the Government adversary case. As to Steffen's general bankruptcy action, because the default judgment in the Government adversary proceedings prevents Steffen from discharging her debt, *see* 11 U.S.C. § 727(a)(2)(B) (prohibiting discharge when "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred . . . property of the estate, after the date of the filing of the petition"), granting relief from the district court's dismissal in the general bankruptcy district court appeal would not provide Steffen with the relief she seeks, and thus, would simply be an impermissible advisory opinion, *see Al Najjar*, 273 F.3d at 1336. Accordingly, we **GRANT** the trustee's motion to dismiss as moot case nos. 15-15093 and 14-15094.

**AFFIRMED** in case number 15-12554; appeals **DISMISSED** in case numbers 14-15093 and 14-15094.