806 F.2d 258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jay SHARPE; Wareen Simmons; Joe Bugel; Jerry Rhome; Don
Breaux, Wayne Sevier; Charley Taylor; Larry Peccatiello;
Richie Petitbon; Bobby Beathard; Lavern Torgeson; Bill
Hickman, Plaintiffs-Appellees,
v.
Steve VAN HAUEN, Defendant-Appellant.
 No. 86-1585.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1986.
Decided Nov. 28, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 85-1356-A)
 Steven Van Hauen, appellant pro se.
 Mark S. Levinstein, for appellees.
 E.D.Va.
 DISMISSED.
 Before RUSSELL, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steve Van Hauen appeals from the summary judgment as to liability imposed as a discovery sanction pursuant to Fed.R.Civ.P. 37(d). Though we are inclined to find the sanction appropriate for Van Hauen's repeated and wilful disregard of discovery orders, see Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir.1984), we first pause to consider our jurisdiction over this appeal.
 
 
 2
 Neither party has questioned the jurisdiction of this Court to entertain the appeal, but "we are obligated to do so on our own motion if a [jurisdictional] question ... exists." Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 740 (1976) (citing Mansfield, Coldwater & Lake Michigan R. Co. v. Swann, 111 U.S. 379 (1884)). Because we conclude that the district court order appealed from was interlocutory, we dismiss this appeal.
 
 
 3
 The district court struck Van Hauen's answer and awarded summary judgment for liability to the plaintiffs on plaintiffs' motion and after months of Van Hauen's refusal to participate in meaningful discovery and outright disregard of court orders. This partial summary judgment order instructed the plaintiffs to submit their claims for damages and offered Van Hauen a chance to reply to these claims. Plaintiffs submitted their claims for damages and Van Hauen responded. Van Hauen then filed his notice of appeal to the partial summary judgment order before the district court had an opportunity to rule on the conflicting claims for damages.
 
 
 4
 It is clear that the order finding only liability was not a final order within the meaning of 28 U.S.C. Sec. 1291 because fewer than all the issues were decided, damages having not been ascertained. United States, etc. v. Dember Construction Corp., 600 F.2d 11 (4th Cir.1979). The notice of appeal from that order was, then, clearly premature.
 
 
 5
 The district court, four days after the notice of appeal was filed, entered a further order fixing damages. This order could have been appealed because it fixed damages and left nothing for the court to do but " 'execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Van Hauen did not, however, file a new, effective notice of appeal.
 
 
 6
 Because the requirement of a timely notice of appeal is " 'mandatory and jurisdictional,' " Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978) (citations omitted), and finding no timely notice of appeal filed in this case, we dismiss the appeal for lack of appellate jurisdiction.
 
 
 7
 We dispense with oral argument because the dispositive issues have recently been decided.
 
 
 8
 DISMISSED.