[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10170
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21307-KMW

MARICELIA SOTO,

Plaintiff - Appellant,

versus

MIAMI DADE COUNTY,
a political subdivision of the State of Florida,
KATHLEEN COLUMBRO,
Miami-Dade Police Officer,
OFFICER KIMBERLY LLAMBES,
Miami Dade Police Officer,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2019)

Before WILSON, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Maricelia Soto ("Soto"), appeals the district court's order dismissing her civil rights complaint against Miami-Dade County and two Miami-Dade County police officers ("the defendants"). The district court dismissed Soto's complaint because it found that Soto repeatedly violated its orders and that she failed to abide by her discovery obligations, particularly with regard to her deposition. After reviewing the record and reading the parties' briefs, we affirm the district court's order of dismissal.

## I. BACKGROUND

In 2014, Soto filed an action alleging claims of false imprisonment, false arrest, assault and battery against Miami-Dade County and two of its police officers. The complaint also alleged excessive force and 42 U.S.C. § 1983 violations against the two police officers. The defendants filed a motion to dismiss, in part based on sovereign immunity, and the district court denied the motion. The defendants filed an interlocutory appeal with this court, and this court dismissed the appeal on September 14, 2016, for lack of jurisdiction.

The district court set forth a scheduling order, and defendants noticed Soto's deposition for November 28, 2016. One month later, Soto's counsel advised that Soto would be unable to attend a deposition on that date, and the parties agreed to

2

re-notice the deposition for December 21, 2016.  However, on December 8, Soto's counsel notified the defendants that Soto had to undergo a medical procedure and would be unable to attend a deposition.  Soto's counsel did not provide alternative dates for her deposition.  The defendants requested a hearing on the matter, and, at the hearing, the magistrate judge found that Soto failed to provide a sufficient excuse to prevent her deposition from proceeding.  The magistrate judge ordered Soto to be deposed by December 30, 2016, and if she needed accommodation or was unable to be deposed for medical reasons, she had to provide a detailed doctor's note setting forth those accommodations or reasons in detail.  The magistrate judge further ordered that if Soto's doctor was unable to state when it would be medically safe for Soto to be deposed, the doctor must submit a note indicating what testing occurred that led to that conclusion, whether additional testing was necessary, and when that testing would occur.  (R. Doc. 75.)

Following the discovery hearing and order, the parties scheduled Soto's deposition for December 28, 2016.  Soto appeared at the deposition sans a doctor's note, as ordered by the magistrate judge. Within approximately 11 minutes of the deposition, Soto stood and fell to the ground.  After fire medics arrived and checked on Soto, she refused to leave with them, but left on her own accord.  Soto refused to reschedule the deposition within the time remaining as set forth in the

3

magistrate judge's order or at any other time.  Rather, Soto moved to stay all proceedings based on her alleged health conditions.  The district court set the matter for a hearing, but before the hearing, Soto's counsel filed a motion to withdraw because Soto failed to cooperate with him and share information about her medical condition.

The district court conducted a hearing on January 27, 2017, to address the pending motions.  The district court found that in the two-plus years since Soto filed her lawsuit, she never informed defendants that she had any medical condition that could interfere with her being deposed.  The district court also found that Soto did not produce sufficient medical records demonstrating why she could not be deposed.  The district court also discovered that Soto had failed to update her interrogatory answers regarding treating physicians as required by Rule 26(e) of the Federal Rules of Civil Procedure.  The district court warned Soto that ignoring the court's order to provide medical records was "imperiling her case" and that Soto needed to understand that if she continued to ignore the order, she would not have a case.  The district court informed Soto that if she continued to violate its order, the district court would have to consider dismissal of her case. (R. Doc. 153.)  The district court reserved ruling on the motion to stay and motion to withdraw and set another status conference for January 24, 2017.  The district

4

court advised that Soto's failure to "fully comply with all Court orders going forward" may result in sanctions including fines or dismissal. (R. Doc. 74.)

Soto appeared at the hearing on January 24, 2017, but the district court found that she was still not abiding with her discovery obligations. Following the hearing, the district court denied Soto's counsel's motion to withdraw without prejudice, ordered Soto to continue her mental examination, and required Soto to provide a detailed report by February 7 regarding her medical condition. The district court again cautioned that her failure to do so "will result in sanctions, including but not limited to dismissal of this case." (R. Doc. 77.) Soto failed to comply with the district court's order. The defendants filed a motion to dismiss, asserting that Soto failed to meet her burden of showing that she was unable to comply with the district court's order requiring her to appear for deposition. Soto requested a stay pending a follow-up report from one of her doctors.

The district court held another hearing on February 13, summarizing at the outset Soto's history of noncompliance with the court's orders and her discovery obligations. After hearing from the parties, the district court ordered Soto to be deposed by March 17, 2017, unless the court received a detailed report prior to March 8, explaining Soto's test results, the diagnosis or diagnostic plan, the treatment plan, the specific reason why Soto could not be deposed, and an estimate

5

of when Soto's condition will abate, as well as any other relevant medical opinions or information. (R. Doc. 82.)  Soto failed to appear for her deposition before the deadline, and she did not submit a doctor's note as ordered by the district court. Instead, she filed a letter from one of her doctors, stating that Soto had recently developed a medical condition that prevented her from undergoing a deposition. The district court again ordered Soto to comply with its previous order regarding a detailed diagnosis and diagnostic plan by April 5, 2017.  Soto filed another letter from a doctor, but the district court determined that the letter failed to comply with its specific orders.

The district court conducted another hearing and concluded that, after nearly four months of failing to comply with its orders, Soto was deliberately disregarding the orders of the court.  (R. Doc. 157.)  Soto requested that the district court give her a date for her deposition in order to avoid dismissal of her case.  Despite finding that Soto was deliberately disregarding its orders, the district court gave Soto another opportunity.  The district court granted Soto's attorney's motion to withdraw, required that Soto file a copy of all her medical records, and ordered that Soto provide the defendants with a date for her deposition prior to May 15, 2017, unless she filed a detailed doctor's report containing the information ordered by the court.

6

The district court granted Soto's two motions for extensions of time to obtain counsel, effectively staying her obligations for over one month. After several months, the district court conducted its final hearing, at which Soto appeared *pro se*. The district court informed Soto that her deposition would be scheduled, and there would be no further continuances. It specifically informed Soto that it would dismiss her case if she failed to show for her deposition. (R. Doc. 158 at 2:9–21, 3:5–10, 4:4–5:4.) The district court then scheduled her deposition for October 23, 2017. After the hearing, the district court denied the defendants' motion to dismiss, ordered Soto to sit for a deposition on October 23, 2017, and informed Soto that her failure to complete her deposition would result in a dismissal of her case. (R. Doc. 123.)

Without any notice, Soto failed to appear for her deposition on October 23, 2017. Rather, after the deposition was scheduled to begin, Soto faxed a note to the defendants and the court advising that she was in the hospital and unable to leave. The defendants renewed their motion to dismiss pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Soto responded, explaining her recent medical procedure. Her response did not inform the district court when she decided to schedule the procedure, and it referred to an unnamed doctor who would not discharge her from the hospital to attend her deposition. After the defendants

7

replied, the district court granted the renewed motion to dismiss.  The district court stated that it had afforded Soto numerous opportunities to remedy her noncompliance with its orders and had issued her repeated warnings that failure to comply could result in dismissal of her case.  As such, the district court found that "its attempts at imposing lesser sanctions have been and will continue to be unsuccessful at effectuating [Soto's] compliance with the orders of this Court and the rules governing litigation in federal court."  (R. Doc. 133.)  Accordingly, it granted the defendants' renewed motion for dismissal with prejudice.

## II. ISSUE

Whether the district court abused its discretion in dismissing with prejudice Soto's civil rights complaint because of her failure to abide by the district court's discovery orders.

## III. DISCUSSION

We review dismissals under Rules 37 and 41 of the Federal Rules of Civil Procedure for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.1999).  The district court's factual findings are reviewed for clear error.  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir.2006).  Pursuant to Rule 37(d), a court may sanction a party who, after being served with proper notice, fails to appear for his deposition, and it lists as an appropriate sanction dismissal of the

8

action.  Fed.R.Civ.P. 37(d)(1)(A)(i); 37(d)(3), 37(b)(2)(A)(v).  "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do."  *Hashemi v. Campaigner Publ'ns, Inc*., 737 F.2d 1538, 1538-39 (11th Cir.1984) (upholding dismissal pursuant to Fed.R.Civ.P. 37(d)).  However, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders."  *Id*. at 1539 (internal quotation marks omitted); *see also Phipps v. Blakeney*, 8 F.3d 788, 790–91 (11th Cir. 1993) (reviewing dismissal under Rule 37 and finding that court had broad authority to control discovery and dismiss the action as a sanction for violating discovery).

Under Rule 41(b), "[a] district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985).  "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances."  *Id*.  In reviewing a dismissal under Rule 41(b), this court considers "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Id*. (internal quotation marks omitted).  Mere negligence is not sufficient to justify a finding of delay or willful misconduct.  *McKelvey v. AT&T Techs., Inc*., 789 F.2d 1518, 1520 (11th

9

Cir.1986).  Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989).

We conclude from the record that the district court did not abuse its discretion in granting the defendants' motion to dismiss based on Soto's continued failure to abide by the court's orders and to abide by her discovery obligations. The district court found that Soto acted willfully in disregarding its orders, and it made a finding that lesser sanctions would not suffice in this case.  The record supports the district court's findings with nine written orders and numerous hearings regarding Soto's failure to comply with the district court's orders and her discovery obligations.  Moreover, the district court gave Soto numerous opportunities to correct her discovery deficiencies and to be deposed, but Soto failed to take advantage of these opportunities.  In addition, Soto never offered a satisfactory explanation for why she was medically unable to be deposed.  In light of the district court's numerous admonitions, warnings, and continuances, and a record fully supportive of the district court's findings, we conclude there was no abuse of discretion by the district court in granting the defendants' motion to dismiss.

Accordingly, we affirm the district court's order.

10

**AFFIRMED**.

11